■ BARBARA KRAUS et al., Respondents, v ROBERT BRANDSTETTER et al., Defendants, and EMIL E. MAFFUCCI et al., Appellants.—In an action to recover damages for defamation, conspiracy, loss of consortium, and wrongful termination of employment, the appeal is from an order of the Supreme Court, Westchester County (Donovan, J.), entered June 14, 1990, which granted the plaintiffs' motion for leave to serve an amended complaint to assert that the cause of action to recover damages for wrongful termination of employment is based upon Labor Law § 740.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the plaintiffs' motion to amend their complaint to assert that the cause of action to recover damages for wrongful termination of employment is based upon Labor Law § 740. Leave to amend a pleading generally should be granted freely unless the defendant can show prejudice from the delay (see, Dolan v Garden City Union Free School Dist., 113 AD2d 781; Surlak v Surlak, 95 AD2d 371). In this case, the original complaint alleged that the plaintiff Barbara Kraus was fired in retaliation for her report of medical misconduct constituting a hazard to public health and safety. Therefore, the appellants cannot claim that they were not apprised of the facts underlying her claim and were prejudiced by the delay. The appellants claim that they are prejudiced because a cause of action based upon Labor Law § 740 carries with it the possibility of imposing "severe and unique remedies" available under that provision, e.g., reinstatement with full benefits and seniority rights. In this regard, the appellants claim that the defendant hospital acted under the assumption that the plaintiff Barbara Kraus would not seek reinstatement, and, based upon that assumption, replaced its director of nursing. However, the appellants cannot seriously claim that the hospital would have allowed two years to elapse without replacing its director of nursing.

Further, we find that the Supreme Court properly refused to dismiss the plaintiffs' remaining causes of action on the ground that the assertion of a cause of action based upon Labor Law § 740 constituted an election of remedies. Although Labor Law § 740 provides that the institution of an action

under the statute constitutes a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule, regulation, or remedy under the common law, the waiver only applies to those causes of action relating to retaliatory discharge. In this case, the plaintiffs set forth causes of action sounding in tort which are separate and independent from the cause of action to recover damages for retaliatory termination of employment. Indeed, the genesis of the causes of action to recover damages for defamation was the publishing of a defamatory newsletter. The cause of action to recover damages for retaliatory termination arose four months later when the hospital fired the plaintiff Barbara Kraus, allegedly in retaliation for exposing medical misconduct.

We have considered the appellants' remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.