■ JOHN E. PIPAS, Appellant, v SYRACUSE HOME ASSOCIATION et al., Respondents. [641 NYS2d 768] —Order unanimously affirmed without costs. Memorandum: Supreme Court did not abuse its discretion in granting defendants' motion to consolidate plaintiff's actions against Syracuse Home Association and individual members of the staff of Syracuse Home Association (*see,* CPLR 602 [a]; *Berman v Greenwood Vil. Community Dev.,* 156 AD2d 326, 326-327). Defendants' motion for summary judgment dismissing the complaint also was properly granted. The tort causes of action, which relate to the retaliatory discharge, are barred by plaintiff's election to assert a Labor Law § 740 cause of action (*see,* Labor Law § 740 [7]; *cf., Kraus v Brandstetter,* 185 AD2d 302). Plaintiff's cause of action pursuant to Labor Law § 740 was properly dismissed because defendants met their burden of proving that any alleged violation of law, rule or regulation did not create or present "a substantial and specific danger to the public health or safety" (Labor Law § 740 [2] [a]; *see, Kern v DePaul Mental Health Servs.,* 152 AD2d 957, *lv denied* 74 NY2d 615), and plaintiff failed to present evidence sufficient to raise a triable issue of fact.

The court properly denied plaintiff's motion to amend the complaint because the proposed amendments are without merit (*see, Ramsey v H.M.S. Inc.,* 198 AD2d 868, *lv denied* 83 NY2d 754). Plaintiff's motion for sanctions against defendants' attorneys was properly denied because there is no evidence that the attorneys engaged in frivolous conduct (*see,* 22 NYCRR 130-1.1 [a], [c]). (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Consolidation.) Present—Green, J. P., Pine, Fallon, Doerr and Davis, JJ.