■ DENNIS L. BORDAN, Appellant, v NORTH SHORE UNIVERSITY HOSPITAL et al., Respondents. [712 NYS2d 155] —In an action, *inter alia,* pursuant to Labor Law § 740, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated January 25, 1999, as granted the defendants' motion pursuant to CPLR 3211 (a) (7) and (8) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion which were to dismiss the fifth cause of action to recover damages pursuant to Labor Law § 740 and the sixth cause of action to recover damages for tortious interference with contract and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff alleges that he suffered retaliatory personnel action after he raised concerns with an officer of the defendant North Shore University Hospital (hereinafter the hospital) about the quality of medical care provided to two surgical patients by a colleague, the defendant Nadji Abumrad. The plaintiff commenced this action alleging that such retaliatory personnel action by the hospital constituted a breach of contract, and violated Labor Law § 740 (the so-called whistleblower's law). Further, he alleged that Dr. Abumrad tortiously interfered with his contract with the hospital. After issue was joined, the defendants moved, *inter alia,* to dismiss the complaint. In the order appealed from, the Supreme Court granted that relief. We modify.

In opposition to that branch of the defendants' motion which was to dismiss his cause of action to recover damages pursuant to Labor Law § 740 on the ground that he failed to adequately plead the law, rule, or regulation allegedly violated (*see,* Labor Law § 740 [2]), the plaintiff demonstrated that "facts essential to justify opposition to [the] motion" may exist but could not be stated without disclosure of information concerning the two surgical patients at issue. Prior to such disclosure, the dismissal of the plaintiff's Labor Law § 740 claim was premature (CPLR 3211 [d]; *see, Amigo Foods Corp. v Marine Midland Bank-NY,* 39 NY2d 391; *Halmar Corp. & Defoe Corp. v Hudson Founds.,* 212 AD2d 505; *Cantor v Levine,* 115 AD2d 453). However, the plaintiff is not entitled to disclosure concerning a prior disciplinary proceeding before the Department of Health involving Dr. Abumrad. The plaintiff did not allege that the retaliatory personnel action at issue resulted from the disclosure or threatened disclosure of such a proceeding, or of the charges underlying it.

The plaintiff's cause of action against the hospital to recover damages for breach of contract arose from the Labor Law § 740 cause of action, and, therefore, was properly dismissed pursuant to Labor Law § 740 (7) (*see, Pipas v Syracuse Home Assn.,* 226 AD2d 1097; *Kraus v Brandstetter,* 185 AD2d 302). However, the cause of action to recover damages for tortious interference with contract asserted against Dr. Abumrad was separate and independent from the Labor Law § 740 claim, and should not have been similarly dismissed (*see, Kraus v Brandstetter, supra*).

The plaintiff's remaining contentions lack merit. Bracken, J. P., Ritter and S. Miller, JJ., concur.

Santucci, J., concurs in part and dissents in part and votes to modify the order by deleting the provision thereof granting that branch of the motion which was to dismiss the sixth cause of action to recover damages for tortious interference with contract, and substituting therefor a provision denying that branch of the motion and otherwise affirming the order, with the following memorandum: I agree with my colleagues that the plaintiff's sixth cause of action for damages arising from tortious interference with contract should be reinstated. However, in my opinion, the complaint fails to state a cause of action to recover damages pursuant to Labor Law § 740, and thus that claim was properly dismissed by the Supreme Court.

To sustain a cause of action to recover damages under Labor Law § 740, sometimes referred to as the "whistleblower's law", an employee must, *inter alia,* plead and prove that the

employer engaged in an activity, policy, or practice that constituted an actual violation of law, rule, or regulation (*see, Bordell v General Elec. Co.,* 88 NY2d 869). Even an employee's good faith reasonable belief that an actual violation of a law, rule, or regulation occurred is insufficient; there must be an actual violation (*see, Bordell v General Elec. Co., supra; Hughes v Gibson Courier Servs. Corp.,* 218 AD2d 684). In the case at bar, the plaintiff admittedly did not allege any actual violation of any law, rule, or regulation. Moreover, contrary to the majority's conclusion, the plaintiff's conclusory allegations do not demonstrate that facts essential to justify opposition to the motion to dismiss may exist, but could not be stated without further discovery (*see, Mandel v Busch Entertainment Corp.,* 215 AD2d 455).

Accordingly, a cause of action pursuant to Labor Law § 740 does not lie and should be dismissed (*see,* Labor Law § 740 [2]; *Bordell v General Elec. Co., supra; Pail v Precise Imports Corp.,* 256 AD2d 73; *Rodgers v Lenox Hill Hosp.,* 211 AD2d 248).