OPINION OF THE COURT
Herman Cahn, J.
Defendants move to dismiss the “Third Amended Complaint” (the complaint) (CPLR 3211 [a]) and, pursuant to Labor Law § 740 (6), for an order awarding them attorneys’ fees, costs and disbursements incurred in defending against plaintiff’s first cause of action. Plaintiff cross-moves for leave to amend the complaint.
This is a “whistleblower” claim, in which plaintiff, a former employee of defendant Morgan Stanley Dean Witter, alleges that he was discharged for reporting certain violations of law to his employer. He also alleges that he was fired because of his age. In an affidavit submitted by plaintiff’s counsel to defendant’s counsel, the claim is described as follows:
*497 “two claims for wrongful discharge, to wit, for wrongful termination of plaintiffs employment as a stockbroker with Morgan Stanley Dean Witter, on account of his ‘informing’ to management of one of its stockbrokers, George Repper, for his flagrant violation of 10-b of the Securities Act of 1934, * * * and on account of age discrimination * * * [Defendants chose to discharge plaintiff, from [sic] bringing unlawful conduct to their attention. Section 10-b of the Securities Act of 1934 would be stripped of its purpose, were the Courts to allow ‘informing/ whistle blowing’ employees to be fired without consequence.”
Defendants’ Motion
The complaint’s first cause of action pleads a violation of Labor Law § 740, the “whistleblowers’ statute.” This section creates a cause of action in favor of an employee against whom an employer has retaliated for disclosing to a supervisor, or to a public body, a violation of law on the part of the employer, which “creates and presents a substantial and specific danger to the public health or safety.” (Labor Law § 740 [2] [a].) Further, Labor Law § 740 (4) (a) imposes a one-year statute of limitations on claims instituted pursuant to Labor Law § 740.
The complaint alleges that plaintiff’s employment was terminated more than one year prior to the commencement of this action; and that, in any event, plaintiffs claimed whistle-blowing pertained only to violations of the securities laws, not to any matter affecting the public health and safety.
Defendants also contend that plaintiffs second cause of action, which purports to allege that his employment was terminated because of his age, in violation of the Human Rights Law (Executive Law § 296), must be dismissed because Labor Law § 740 (7) provides, in relevant part, that: “the institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law.” (Emphasis added.) Although this subdivision does not bar a separate cause of action, it bars claims which arise out of the same facts as give rise to the claim brought under section 740 (2). (Bordan v North Shore Univ. Hosp., 275 AD2d 335 [2d Dept 2000].) Thus, if, as defendants argue, plaintiffs first cause of action alleges that he was discharged in violation of Labor Law § 740 (2), his second cause of action, which is based upon the same discharge, is barred by section 740 (7).
*498 Plaintiff commenced, this action on June 12, 2002, by filing a verified complaint, which he withdrew five days later, and which he replaced with a “Second Amended Verified Complaint.” On July 3, 2002, defendants moved for a more definite statement. In response, plaintiff filed and served the complaint, with a supporting affirmation by his counsel. The affirmation was quoted, in part, above.
The first cause of action in the complaint alleges that:
“as a result of the ‘informing/whistle blowing’ by plaintiff to management, * * * the said George Repper did depart from defendant Morgan Stanley Dean Witter, with a resulting loss of revenue and profits to defendants!, and that] to cover up the criminal and illegal activities of George Repper, to retaliate against plaintiff for the loss of income resulting from * * * the departure of George Rep-per and to obstruct justice, defendants * * * , on or about November 1, 2000, did terminate plaintiff from his employment as a stockbroker, causing plaintiff great mental and physical anguish and loss of earnings * * * .”
Although neither counsel’s affirmation, nor the complaint, explicitly cites Labor Law § 740 by number, the intent to bring the action under the “whistleblowing” statute is clear. In fact, although it is the better practice to cite the statute when pleading a violation of a specific statute, a failure to do so will not usually be fatal to the pleading. Even a cursory reading of the complaint and the earlier versions of the complaint show that the first cause of action is based on a claimed violation of section 740 of the Labor Law.
In view thereof, the action must have been instituted within one year after the claimed “retaliatory personnel action occurred.” Here, it is alleged in the complaint that the retaliatory personnel action took place “on or about November 1, 2000” (complaint para 17), or on or about July 2000 (complaint para 22). The action was commenced in June 2002, well after it was barred by the statute of limitations.
The second cause of action seeks to plead a cause of action for age discrimination (Executive Law § 296). However such claim has been specifically waived by the institution of the first cause of action (Labor Law § 740 [7]).
As discussed above, Labor Law § 740 is applicable only where the violation of law that is disclosed “presents a substantial and specific danger to the public health and safety.” It does not *499 apply to disclosures of fraudulent, or otherwise improper, economic activity alone. (Remba v Federation Empl. & Guidance Serv., 76 NY2d 801 [1990]; Lamagna v New York State Assn. for Help of Retarded Children, 158 AD2d 588 [2d Dept 1990].)
The court notes that apparently there are many instances of claimed retaliation against whistleblowers where the complained of conduct does not create “a substantial and specific danger to the public health or safety” (§ 740 [2] [a]). For example, there have been numerous reports of violations of law by officers and/or directors of public corporations in reporting corporate activity, earnings, etc. If such conduct is to be prohibited or sanctioned, the remedy must be a legislative one. The court cannot amend the statute.
Since it is apparent that plaintiffs causes of action are effectively barred by the applicable statute of limitations, and statutory waiver, the cross motion to serve yet another amended complaint is denied. Plaintiff has already served three complaints, and it is doubtful whether he will be able to plead a valid cause of action.
That branch of defendant’s motion to award them attorneys’ fees is denied as a matter of discretion.
Accordingly, it is ordered that defendants’ motion is granted and the third amended complaint is dismissed; and it is further ordered that plaintiffs cross motion is denied.