■ PAUL PIPIA, Respondent, v NASSAU COUNTY, Defendant, and NASSAU HEALTH CARE CORPORATION et al., Appellants. [826 NYS2d 318]—

In an action to recover damages for, inter alia, violation of Labor Law § 740, the defendants, except Nassau County, appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), dated January 13, 2005, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them, and granted the plaintiff's cross motion for, inter alia, leave to serve and file an amended complaint asserting a cause of action alleging a violation of Labor Law § 741.

Ordered that the order is reversed, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the motion to dismiss the complaint insofar as asserted against the appellants is granted, and the cross motion is denied.

The plaintiff's initial complaint set forth various causes of action, including causes of action pursuant to Labor Law § 740, arising from the plaintiff's allegedly unlawful termination from his position as Medical Director and Senior Vice President of the defendants Nassau Health Care Corporation and Nassau University Medical Center. When the appellants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), the plaintiff cross-moved for leave to file an amended complaint alleging that the defendants had violated Labor Law § 741 (2), to substitute that allegation for his allegation that the defendants violated Labor Law § 740 (2), and to add factual allegations in support of the other causes of action asserted in the original complaint. The Supreme Court denied the motion to dismiss and granted the cross motion for leave to amend the complaint. We reverse.

Labor Law § 740 (4) creates a cause of action in favor of an employee who has been unlawfully discharged as a consequence of engaging in certain protected conduct (*see Mazzacone v Corlies Assoc.,* 21 AD3d 1066, 1067 [2005]; *Quirk v Emergency Hous. Group,* 305 AD2d 390 [2003]). "[A]n action based upon Labor Law § 740 is limited to an employee who discloses or threatens to disclose an employer activity or practice which (1) is in violation of a law, rule or regulation, and (2) creates a substantial and specific danger to the public health" (*Lamagna v New York State Assn. for Help of Retarded Children,* 158 AD2d 588, 589 [1990]; *see* Labor Law § 740 [2] [a]). Although the complaint must be given the benefit of all favorable inferences at this stage in the proceedings (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Castaldi v 39 Winfield Assoc.,* 30 AD3d 458 [2006]; *Morales v Copy Right, Inc.,* 28 AD3d 440 [2006]), it nonetheless fails to state a cause of action under this standard.

The complaint alleges that the plaintiff was terminated for testifying that the defendants committed an actual violation of the Public Health Law, and had failed to comply with the bylaws of the defendant Nassau Health Care Corporation (*see* Labor Law § 740 [2] [b]). A complaint is insufficient to allege a violation of Labor Law § 740 (2), however, unless it also alleges that the conduct of which the plaintiff complained created a substantial and specific danger to the public health (*see Hughes v Gibson Courier Servs. Corp.*, 218 AD2d 684, 684-685 [1995]; *Lamagna v New York State Assn. for Help of Retarded Children, supra* at 589). Here, the asserted violations of law consisted of allegedly improper and corrupt purchasing practices at the public institution by which the plaintiff was employed. Since such conduct relates to financial impropriety only, and did not pose a substantial and specific danger to the public health, it was not sufficient to sustain a cause of action alleging a violation of Labor Law § 740 (2) (*see Remba v Federation Empl. & Guidance Serv.*, 76 NY2d 801, 802 [1990]; *Smith v Angel Guardian Home*, 263 AD2d 476 [1999]; *Kaganowicz v Booth Mem. Med. Ctr.*, 215 AD2d 530, 531 [1995]; *Lamagna v New York State Assn. for Help of Retarded Children, supra* at 589).

To the extent that the plaintiff sought to cure this deficiency in the original pleading by seeking leave to amend his complaint in order to assert a cause of action alleging a violation of Labor Law § 741 (2), his effort is unavailing. A cause of action alleging a violation of Labor Law § 741 (2) differs from a cause of action alleging a violation of Labor Law § 740 (2) in that such a complaint is required to allege only a good faith, reasonable belief that there has been a violation of the applicable standards, rather than an actual violation (*see* Labor Law § 741 [2] [a], [b]). A complaint asserting a violation of Labor Law § 741 (2) (a) must nonetheless allege conduct that "constitutes improper quality of patient care," which is defined as conduct creating "a substantial and specific danger to public health or safety or a significant threat to the health of a specific patient" (Labor Law § 741 [1] [d]). The allegations in the proposed amended complaint do not satisfy this standard, and were thus insufficient to establish a "good ground" for granting leave to amend (*see Johnson v Allstate Ins. Co.*, 33 AD3d 665 [2006]; *Andux v Woodbury Auto Park, Inc.*, 30 AD3d 362, 363 [2006]; CPLR 3211 [e]).

The second through eighth causes of action alleged in the complaint, all of which arise from the allegedly unlawful discharge, should have been dismissed insofar as asserted against the appellants pursuant to Labor Law § 740 (7), which provides

that "the institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law." The mere commencement of an action under Labor Law § 740 (4) thus acts as an election of remedies, waiving other causes of action relating to the alleged retaliatory discharge, irrespective of the disposition of such claims (*see Bordan v North Shore Univ. Hosp.*, 275 AD2d 335, 336 [2000]; *Pipas v Syracuse Home Assn.*, 226 AD2d 1097 [1996]; *Rotwein v Sunharbor Manor Residential Health Care Facility*, 181 Misc 2d 847, 854 [1999]). Because a claim alleging a violation of Labor Law § 741 (2) is enforced pursuant to Labor Law § 740 (4) (d) (*see* Labor Law § 741 [4]), the same waiver is effected by the institution of a cause of action alleging a violation of Labor Law § 741 (2) (*see* Labor Law § 740 [7]). Accordingly, dismissal of the second through eighth causes of action would have been required even if the plaintiff's amended claim had been pleaded initially.

The ninth cause of action, sounding in defamation, should also have been dismissed, as both the complaint and the amended complaint failed to set forth sufficiently the particular words complained of, as is required (*see* CPLR 3016 [a]; *Gill v Pathmark Stores*, 237 AD2d 563, 564 [1997]). The tenth cause of action, seeking an award of an attorney's fee, also should have been dismissed as against the appellants in the absence of a predicate for such relief (*see U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 597 [2004]; *Chapel v Mitchell*, 84 NY2d 345, 349 [1994]). Miller, J.P., Goldstein, Spolzino and Dillon, JJ., concur.