■ ROBERTA HAYES, Respondent, v STATEN ISLAND UNIVER-SITY HOSPITAL, Appellant. [834 NYS2d 274]—

In an action, inter alia, to recover damages for breach of contract, breach of implied contract, and violation of Labor Law § 740, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Giacobbe, J.), entered May 4, 2006, as denied those branches of its motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first and third causes of action alleging breach of contract and breach of implied contract, respectively.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion which were to dismiss the first and third causes of action are granted.

After being terminated from her employment with the defendant Staten Island University Hospital (hereinafter the Hospital), the plaintiff commenced this action alleging, inter alia, breach of contract, breach of implied contract (hereinafter collectively the contract causes of action), and violation of Labor Law § 740. Following joinder of issue, the Hospital moved to dismiss the complaint, arguing, inter alia, that the plaintiff waived her right to assert the contract claims by alleging a violation of Labor Law § 740. The Supreme Court failed to address that argument but denied on other grounds those branches of the Hospital's motion which were to dismiss the contract causes of action. We reverse.

Since the contract causes of action arise from the allegedly unlawful discharge, the Supreme Court should have dismissed those causes of action pursuant to Labor Law § 740 (7), which provides that "the institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law" (see *Pipia v Nassau County*, 34 AD3d 664, 667 [2006]; *Bordan v North Shore Univ. Hosp.*, 275 AD2d 335, 336 [2000]; *Pipas v Syracuse Home Assn.*, 226 AD2d 1097, 1097 [1996]; *cf. Kraus v Brandstetter*, 185 AD2d 302, 302-303 [1992]). In addition, the

plaintiff's attempt to amend the complaint to exclude the Labor Law § 740 cause of action did not nullify the waiver (*see Pipia v Nassau County, supra; Rotwein v Sunharbor Manor Residential Health Care Facility*, 181 Misc 2d 847 [1999]). Miller, J.P., Mastro, Ritter and Balkin, JJ., concur.