SATISH DESHPANDE, Respondent-Appellant, v TJH MEDI-CAL SERVICES, P.C., et al., Appellants-Respondents, et al., Defendant. [861 NYS2d 697]—

In an action, inter alia, to recover damages for violation of Labor Law § 740, the defendants, except William O'Connell, appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated January 12, 2007, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first, second, and third causes of action insofar as asserted against them, and the plaintiff cross-appeals, as limited by his brief, from so much of

the same order as granted that branch of the motion of the defendants, except William O'Connell, which was pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, and those branches of the motion of the defendants, except William O'Connell, which were pursuant to CPLR 3211 (a) (7) to dismiss the first, second, and third causes of action insofar as asserted against them are granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the appellants-respondents.

The plaintiff alleged that he was an attending physician at Jamaica Hospital Medical Center and was employed and/or supervised by the defendants. The defendants allegedly terminated his employment in retaliation for his repeated complaints about improper patient care and employment discrimination in favor of individuals from a specific region of India. These individuals were identified in the complaint as "Gujuratis." The plaintiff commenced this action alleging, under the third cause of action, that he was terminated in violation of Labor Law §§ 740 and 741. Under the second cause of action, he claimed that the defendants violated Executive Law § 296 and the Administrative Code of the City of New York § 8-107 by denying him promotions because he was not a Gujurati and by terminating him in retaliation for his complaints about the favoritism shown towards Gujuratis at the expense of non-Gujurati employees. Further, the plaintiff alleged, under the first cause of action, that the defendants violated Labor Law § 190 et seq. by failing to afford him an overtime differential in pay and, under the fourth cause of action, that they violated General Business Law § 340 by preventing him from entering into professional relationships with other health care providers or institutions. The Supreme Court, inter alia, denied those branches of the motion of the defendants, except William O'Connell (hereinafter the appellants), which were pursuant to CPLR 3211 (a) (7) to dismiss the first, second, and third causes of action insofar as asserted against them, but granted that branch of their motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action insofar as asserted against them. We reverse the order insofar as appealed from, and affirm the order insofar as cross-appealed from.

The Supreme Court should have granted that branch of the appellants' motion which was to dismiss the third cause of ac-

tion, which sought recovery for violations of Labor Law §§ 740 and 741, insofar as asserted against them because the plaintiff failed to state a cause of action under those statutes (*see generally Schneider v Hand,* 296 AD2d 454 [2002]). "Labor Law § 740 (4) creates a cause of action in favor of an employee who has been unlawfully discharged as a consequence of engaging in certain protected conduct" (*Pipia v Nassau County,* 34 AD3d 664, 665 [2006]). A cause of action based upon Labor Law § 740, known as the "whistleblower statute," is available " 'to an employee who discloses or threatens to disclose an employer activity or practice which (1) is in violation of a law, rule or regulation, and (2) creates a substantial and specific danger to the public health' " (*Pipia v Nassau County,* 34 AD3d at 665, quoting *Lamagna v New York State Assn. for Help of Retarded Children,* 158 AD2d 588, 589 [1990]; *see* Labor Law § 740 [2] [a]). Labor Law § 740 requires a plaintiff to allege an actual violation of a law, rule, or regulation. A good faith, reasonable belief that a violation occurred is insufficient (*see Nadkarni v North Shore-Long Is. Jewish Health Sys.,* 21 AD3d 354, 355 [2005]; *Khan v State Univ. of N.Y. Health Science Ctr. at Brooklyn,* 288 AD2d 350 [2001]). Here, the plaintiff failed to allege a violation of any law, rule, or regulation with the requisite particularity and specificity necessary to support a cause of action under Labor Law § 740 (*see Blumenreich v North Shore Health Sys.,* 287 AD2d 529, 530 [2001]; *cf. Gay v Farella,* 5 AD3d 540, 541-542 [2004]).

The plaintiff also failed to state a cause of action for violation of Labor Law § 741. "A cause of action alleging a violation of Labor Law § 741 . . . differs from a cause of action alleging a violation of Labor Law § 740 . . . in that such a complaint is required to allege only a good faith, reasonable belief that there has been a violation of the applicable standards, rather than an actual violation" (*Pipia v Nassau County,* 34 AD3d at 666; *see* Labor Law § 741 [2] [a], [b]). A plaintiff claiming a violation of Labor Law § 741 (2) (a) must nonetheless allege conduct which constitutes "improper quality of patient care," which is defined as "any practice, procedure, action or failure to act of an employer which violates any law, rule, regulation or declaratory ruling adopted pursuant to law, where such violation relates to matters which may present a substantial and specific danger to public health or safety or a significant threat to the health of a specific patient" (Labor Law § 741 [1] [d]; *see Pipia v Nassau County,* 34 AD3d at 666). Because the plaintiff did not allege even a good faith, reasonable belief that the appellants' conduct violated any "law, rule, regulation or declaratory ruling adopted pursuant to law" (*see* Labor Law § 741 [1] [d]), he failed to state a cause of action pursuant to Labor Law § 741.

The Supreme Court should have granted that branch of the appellants' motion which was to dismiss the second cause of action to recover damages for violations of Executive Law § 296 and the Administrative Code of the City of New York § 8-107 insofar as asserted against them. Initially, the plaintiff waived recovery under the second cause of action to the extent it arose from the alleged retaliatory discharge. "The mere commencement of an action under Labor Law § 740 (4) . . . acts as an election of remedies, waiving other causes of action relating to the alleged retaliatory discharge, irrespective of the disposition of such claims" (*Pipia v Nassau County,* 34 AD3d at 667; *see* Labor Law § 740 [7]; *Hayes v Staten Is. Univ. Hosp.,* 39 AD3d 593, 593-594 [2007]; *Bordan v North Shore Univ. Hosp.,* 275 AD2d 335, 336 [2000]; *Pipas v Syracuse Home Assn.,* 226 AD2d 1097 [1996]). Because the plaintiff asserted a claim for retaliatory discharge pursuant to Labor Law § 740 under the third cause of action, he waived other causes of action relating to the alleged retaliatory discharge (*see Hayes v Staten Is. Univ. Hosp.,* 39 AD3d at 593-594; *Bordan v North Shore Univ. Hosp.,* 275 AD2d at 336; *Pipas v Syracuse Home Assn.,* 226 AD2d at 1097; *Feinman v Morgan Stanley Dean Witter,* 193 Misc 2d 496, 496-498 [2002]).

Moreover, the plaintiff failed to state a cause of action for failure to promote in violation of Executive Law § 296 or the Administrative Code of the City of New York § 8-107. The standards for establishing unlawful discrimination under Executive Law § 296 are the same as those governing Title VII cases under the Civil Rights Act of 1964 (*see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights,* 100 NY2d 326, 330 [2003]; *Ferrante v American Lung Assn.,* 90 NY2d 623, 629 [1997]). Here, the plaintiff failed to state a cause of action for failure to promote because he did not allege any specific instance where the appellants refused to promote him to a position for which he applied and for which he was qualified (*see Cruz v Coach Stores, Inc.,* 202 F3d 560, 565-566 [2000]; *Lumhoo v Home Depot USA, Inc.,* 229 F Supp 2d 121, 145 [2002]).

The Supreme Court also should have granted that branch of the appellants' motion which was to dismiss the first cause of action insofar as asserted against them for failure to state a cause of action. Under that cause of action, the plaintiff sought recovery for violation of Labor Law § 190 *et seq.* based on the appellants' alleged failure to afford him an overtime differential in pay. However, the Labor Law does not contain any provisions governing overtime compensation (*see Ballard v Community Home Care Referral Serv.,* 264 AD2d 747 [1999]), and the

plaintiff failed to identify any basis for his alleged entitlement to an overtime differential in pay.

Finally, the Supreme Court properly granted that branch of the appellants' motion which was to dismiss the fourth cause of action insofar as asserted against them pursuant to CPLR 3211 (a) (7) (*see People v Roth*, 52 NY2d 440, 446-447 [1981]; *Glen Cove Assoc. v North Shore Univ. Hosp.*, 240 AD2d 701 [1997]). Lifson, J.P., Florio, Carni and Belen, JJ., concur.