JAMES A. GARNER, Appellant-Respondent, v CHINA NATURAL GAS, INC., et al., Respondents-Appellants, et al., Defendants. [898 NYS2d 49]—

In an action, inter alia, to recover damages for violation of Labor Law § 740, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated August 18, 2008, as granted those branches of the motion of the defendants China Natural Gas, Inc., Qinan Ji, and Dan Chang which were to dismiss the causes of action alleging violations of Labor Law § 740, defamation, and fraud pursuant to CPLR 3211 (a) (1) and (7) insofar as asserted against them, and, in effect, converted that branch of the motion which was to dismiss the cause of action alleging breach of contract pursuant to CPLR 3211 (a) (1) and (7) into a motion for summary judgment pursuant to CPLR 3212 and conditionally awarded summary judgment dismissing that cause of action insofar as asserted against those defendants, and the defendants China Natural Gas, Inc., Qinan Ji, and Dan Chang cross-appeal, as limited by their brief, from so much of the same order as conditioned the award of summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against them upon certain conditions, and denied that

branch of their motion which was for an award of an attorney's fee pursuant to Labor Law § 740 (6).

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, converting that branch of the motion of the defendants China Natural Gas, Inc., Qinan Ji, and Dan Chang which was to dismiss the cause of action alleging breach of contract pursuant to CPLR 3211 (a) (1) and (7) insofar as asserted against them into a motion for summary judgment pursuant to CPLR 3212 and conditionally awarding summary judgment dismissing that cause of action insofar as asserted against them, and substituting therefor a provision granting that branch of those defendants' motion which was to dismiss the cause of action alleging breach of contract pursuant to CPLR 3211 (a) (7); as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff alleged that the defendants China Natural Gas, Inc., Qinan Ji, and Dan Chang (hereinafter the defendants) retaliated against him after he insisted that they correct certain documents filed with the Securities and Exchange Commission that contained material omissions and misstatements. The alleged retaliatory action included threats, pressuring the plaintiff to resign his position as an independent member of the Board of Directors of the defendant corporation, withholding compensation, and failing to issue stock options according to the terms of the parties' written agreement. In his complaint, the plaintiff asserted causes of action alleging violations of Labor Law § 740, defamation, breach of contract, and fraud.

Although the defendants' motion was made pursuant to CPLR 3211, the Supreme Court, in effect, converted that branch of the motion which was to dismiss the cause of action alleging breach of contract into a motion for summary judgment pursuant to CPLR 3212. This was error (see Mihlovan v Grozavu, 72 NY2d 506 [1988]; Bowes v Healy, 40 AD3d 566 [2007]). Thus, this Court will apply to the entire complaint the standards applicable to a motion to dismiss pursuant to CPLR 3211 (see Neurological Servs. of Queens, P.C. v Farmingville Family Med. Care, PLLC, 63 AD3d 703, 704 [2009]).

In assessing a motion to dismiss made pursuant to CPLR 3211 (a) (7), the facts pleaded are presumed to be true and are accorded every favorable inference (see Riback v Margulis, 43 AD3d 1023 [2007]). However, bare legal conclusions, as well as factual claims flatly contradicted by the record, are not entitled to any such consideration (id.).

Contrary to the plaintiff's contention, the Supreme Court did not err in granting that branch of the defendants' motion which

was to dismiss the Labor Law causes of action insofar as asserted against them. The allegations were insufficient to establish that the plaintiff was an employee of the defendant corporation as that term is defined in Labor Law § 740 (1) (a) (*see Salimi v New York Methodist Hosp.*, 45 AD3d 559 [2007]; *Edward M. Stephens, M.D., F.A.A.P. v Prudential Ins. Co. of Am.*, 278 AD2d 16 [2000]; *cf. Kraus v New Rochelle Hosp. Med. Ctr.*, 216 AD2d 360 [1995]). Moreover, the complaint does not allege a violation which would threaten the health or safety of the public at large (*see Remba v Federation Empl. & Guidance Serv.*, 76 NY2d 801 [1990]; *Pipia v Nassau County*, 34 AD3d 664 [2006]; *Easterson v Long Is. Jewish Med. Ctr.*, 156 AD2d 636, 637 [1989]; *Leibowitz v Bank Leumi Trust Co. of N.Y.*, 152 AD2d 169 [1989]).

Since the plaintiff asserted causes of action pursuant to Labor Law § 740, "he waived other causes of action relating to the alleged retaliatory [action]" (*Deshpande v TJH Med. Servs., P.C.*, 52 AD3d 648, 651 [2008]). Accordingly, those branches of the defendants' motion which were to dismiss the causes of action alleging defamation and fraud insofar asserted against them were properly granted, as they arose out of or related to the same underlying claim of retaliation. Likewise, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the cause of action alleging breach of contract insofar as asserted against them, without condition (*see Hayes v Staten Is. Univ. Hosp.*, 39 AD3d 593, 594 [2007]; *Pipia v Nassau County*, 34 AD3d at 665; *Bordan v North Shore Univ. Hosp.*, 275 AD2d 335, 336 [2000]).

Contrary to the defendants' contention, the Supreme Court providently exercised its discretion in denying that branch of the motion which was for an attorney's fee (*see Key Bank of N.Y. v Anton*, 241 AD2d 482, 484 [1997]; *Bankers Fed. Sav. Bank v Off W. Broadway Devs.*, 224 AD2d 376, 378 [1996]; *cf. Gorgone v Capozzi*, 238 AD2d 308 [1997]).

The parties' remaining contentions are without merit. Covello, J.P., Angiolillo, Lott and Roman, JJ., concur.