■ MICHAEL DAVIS et al., Respondents, v DUANE READE, INC., et al., Appellants, et al., Defendants. [993 NYS2d 335]—

In an action, inter alia, to recover damages for violation of Labor Law § 203-c, the defendants Duane Reade, Inc., and Walgreen Company appeal from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated August 3, 2012, as denied that branch of their motion pursuant to CPLR 3211 (a) (7) which was to dismiss the fifth cause of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the motion of the defendants Duane Reade, Inc. (hereinafter Duane Reade), and Walgreen Company (hereinafter Walgreen) which was to dismiss the fifth cause of action, which alleges a violation of Labor Law § 203-c, as barred by the election of remedies provision in Labor Law § 740 (7).

Labor Law § 740 (7) provides that "the institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law." However, the waiver only applies to causes of

action arising out of or relating to the same underlying claim of retaliation (*see Minogue v Good Samaritan Hosp.*, 100 AD3d 64, 73 [2012]; *Garner v China Natural Gas, Inc.*, 71 AD3d 825 [2010]; *Hayes v Staten Is. Univ. Hosp.*, 39 AD3d 593 [2007]; *Pipia v Nassau County*, 34 AD3d 664 [2006]). The Labor Law § 203-c cause of action here asserts the separate and independent claim of illegal placement of video cameras in employee restrooms. Thus, it is not barred by the Labor Law § 740 (7) election of remedies provision (*see Bordan v North Shore Univ. Hosp.*, 275 AD2d 335 [2000]; *Kraus v Brandstetter*, 185 AD2d 302 [1992]).

Walgreen further contends that the fifth cause of action should be dismissed insofar as asserted against it because it did not own Duane Reade or employ the plaintiffs or the defendant Security Officer Green at the time of the alleged conduct. However, Walgreen's evidentiary submission does not conclusively demonstrate that it did not assume complete dominion and control over Duane Reade pursuant to its April 2010 purchase (*see Mitchell v TAM Equities, Inc.*, 27 AD3d 703, 708 [2006]). As a significant dispute exists regarding this issue, dismissal of the fifth cause of action insofar as asserted against Walgreen is not warranted (*see Xia-Ping Wang v Diamond Hill Realty, LLC*, 116 AD3d 767 [2014]). Rivera, J.P., Sgroi, Cohen and Barros, JJ., concur.