■ JEAN JAMES CHARITE et al., Respondents, v DUANE READE, INC., et al., Appellants, et al., Defendants. [993 NYS2d 138]—

In an action, inter alia, to recover damages for unlawful retaliation in employment in violation of Administrative Code of the City of New York § 8-107, the defendants Duane Reade, Inc., Walgreen Company, Inc., and Walgreen Eastern Co., Inc., appeal from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated September 19, 2012, as denied, without prejudice, that branch of their motion pursuant to CPLR 3211 (a) which was to dismiss the first cause of action insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Duane Reade, Inc., Walgreen Company, Inc., and Walgreen Eastern Co., Inc., pursuant to CPLR 3211 (a) which was to dismiss the first cause of action insofar as asserted against them is granted.

The Supreme Court should have granted that branch of the motion of the defendants Duane Reade, Inc. (hereinafter Duane Reade), Walgreen Company, Inc. (hereinafter Walgreen Company), and Walgreen Eastern Co., Inc., pursuant to CPLR 3211 (a) which was to dismiss the first cause of action, which alleges retaliation in employment against the plaintiffs in violation of Administrative Code of the City of New York § 8-107. That claim is barred by the election of remedies provision contained in Labor Law § 740 (7). Labor Law § 740 (7) provides that "the institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law." The waiver applies to causes of action arising out of or relating to the same underlying claim of retaliation (see Minogue v Good Samaritan Hosp., 100 AD3d 64, 73 [2012]; Garner v China Natural Gas, Inc., 71 AD3d 825 [2010]; Hayes v Staten Is. Univ. Hosp., 39 AD3d 593 [2007]; Pipia v Nassau County, 34 AD3d 664 [2006]).

The plaintiffs in this action alleged retaliation pursuant to Labor Law § 740 in a prior action against Duane Reade and Walgreen Company. The claim asserted here pursuant to Administrative Code of the City of New York § 8-107 arises out of and relates to the same underlying claim of retaliation as asserted in the prior action. It is, therefore, barred by the Labor Law § 740 (7) election of remedies provision (see Deshpande v TJH Med. Servs., P.C., 52 AD3d 648 [2008]; Hayes v Staten Is.

*Univ. Hosp.*, 39 AD3d at 593-594; *Pipia v Nassau County*, 34 AD3d at 667). The waiver may not be avoided by amending the complaint to withdraw the section 740 claim, as the plaintiffs did in the prior action (*see Reddington v Staten Is. Univ. Hosp.*, 11 NY3d 80, 87-88 [2008]; *Hayes v Staten Is. Univ. Hosp.*, 39 AD3d at 593-594).

In light of our determination, we need not reach the parties' remaining contentions. Rivera, J.P., Sgroi, Cohen and Barros, JJ., concur.