Benitez v Bolla Operating LI Corp. (2020 NY Slip Op 07342)





Benitez v Bolla Operating LI Corp.


2020 NY Slip Op 07342


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2019-01671
 (Index No. 605760/18)

[*1]Walter Hernandez Benitez, etc., appellant, 
v
Bolla Operating LI Corp., etc., et al., respondents.


Kessler Matura P.C., Melville, NY (Garrett Kaske and Troy L. Kessler of counsel), for appellant.
Kaufman Dolowich & Voluck, LLP, Woodbury, NY (Keith Gutstein and Aaron N. Solomon of counsel), for respondents.



DECISION & ORDER
In a putative class action, inter alia, to recover unpaid wages, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered December 19, 2018. The order granted the defendants' cross motion pursuant to CPLR 3211(a)(7) to dismiss the complaint and denied, as academic, the plaintiff's motion for class action certification.
ORDERED that the order is affirmed, with costs.
The plaintiff was formerly employed by the defendants. According to the plaintiff, the defendants own and operate a chain of "gas stations, delis, and convenience stores" known as Bolla Market. Although not every Bolla Market location has a deli inside of it, the plaintiff allegedly worked at the deli counter as a deli worker at more than one Bolla Market location.
The plaintiff commenced this putative class action on behalf of himself and a proposed class composed of other deli workers and clerks who were employed by the defendants, seeking to recover, inter alia, unpaid "spread-of-hours" compensation pursuant to the Hospitality Industry Wage Order promulgated by the Commissioner of the Department of Labor (12 NYCRR 146-1.6). The plaintiff moved for class action certification. The defendants opposed the plaintiff's motion and cross-moved pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. In an order entered December 19, 2018, the Supreme Court granted the defendants' cross motion to dismiss the complaint for failure to state a cause of action and denied, as academic, the plaintiff's motion for class action certification. The plaintiff appeals.
On a motion to dismiss pursuant to CPLR 3211, the complaint is to be afforded a liberal construction (see CPLR 3026). "In reviewing a motion pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action, the facts as alleged in the complaint must be accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory" (Mendelovitz v Cohen, 37 AD3d 670, 671). "When evidentiary material is considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, [*2]not whether he or she has stated one, and, unless it has been shown that a material fact as [alleged] by the plaintiff . . . is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Belling v City of Long Beach, 168 AD3d 900, 901).
"The spread of hours is the length of the interval between the beginning and end of an employee's workday" (12 NYCRR 146-1.6). On each day on which the spread of hours exceeds 10, an employee is entitled to receive "spread-of-hours" pay, which is "one additional hour of pay at the basic minimum hourly rate" (12 NYCRR 146-1.6[a]). Although an employee who earns more than the minimum wage rate generally is not entitled to receive spread-of-hours pay (see 12 NYCRR 142-2.4[a]; Seenaraine v Securitas Sec. Servs. USA, Inc., 37 AD3d 700, 701; Fermin v Las Delicias Peruanas Rest., Inc., 93 F Supp 3d 19, 45-46 [ED NY]), under the Hospitality Industry Wage Order, "all employees in restaurants and all-year hotels" are entitled to spread-of-hours pay regardless of their regular pay rate (12 NYCRR 146-1.6[d]).
Here, the evidentiary material submitted by the defendants conclusively established that the plaintiff had no cause of action. The defendants conclusively established that the Bolla Market locations where the plaintiff worked were not "restaurants" under the definition set forth in the Hospitality Industry Wage Order because those locations did not offer "food or beverage for human consumption either on their premises or by such service as catering, banquet, box lunch, curb service or counter service" (12 NYCRR 146-3.1[b]; see Biasi v Wal-Mart Stores E., LP, 2017 WL 1082448, *14, 2017 US Dist LEXIS 40887, *36 [ND NY, No. 6:15-CV-0454 (GTS/ATB)]). As the Supreme Court determined, the presence of a bench outside of a Bolla Market or a parking lot adjacent to a Bolla Market does not demonstrate that food or beverage was offered for consumption on premises (see Biasi v Wal-Mart Stores E., LP, 2017 WL 1082448, *15, 2017 US Dist LEXIS 40887, *39-43). There is also no significant dispute that any tables existed inside the Bolla Market locations where the plaintiff worked. Further, contrary to the plaintiff's contention, there is no significant dispute as to whether he was entitled to spread-of-hours pay on the theory that the Bolla Market locations where he worked were "[f]ast [f]ood [e]stablishments" (12 NYCRR 146-3.13[b]). The defendants established that the plaintiff's allegations that "Bolla Market's primary purpose is serving food or drink items" and that the Bolla Market locations where the plaintiff worked were part of an "integrated enterprise" which owns or operates 30 or more such establishments in the aggregate nationally were not facts at all (see 12 NYCRR 146-3.13[b]), and that, therefore, the plaintiff has no cause of action based on these allegations.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' cross motion pursuant to CPLR 3211(a)(7) to dismiss the complaint. Consequently, we also agree with the court's determination to deny the plaintiff's motion for class action certification as academic.
MASTRO, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court