Reyes v Seaqua Delicatessen, Inc. (2024 NY Slip Op 05562)

Reyes v Seaqua Delicatessen, Inc.

2024 NY Slip Op 05562

Decided on November 13, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-05910
 (Index No. 611215/22)

[*1]Walter Reyes, et al., appellants, 
v
Seaqua Delicatessen, Inc., doing business as Seaqua Delicatessen & Caterers, et al., respondents.

APPEAL by the plaintiffs, in an action, inter alia, to recover unpaid wages, from an order of the Supreme Court (Denise L. Sher, J.), dated May 3, 2023, and entered in Nassau County. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint.

Samuel and Stein, New York, NY (Michael Samuel and Andrew Beresin of counsel), for appellants.
Franklin, Gringer & Cohen, P.C., Garden City, NY (Elana T. Henderson of counsel), for respondents.

PER CURIAM.

OPINION & ORDER
The primary issue on this appeal is whether the plaintiffs, in their amended complaint, sufficiently pleaded various violations of the Labor Law and its regulations and further sufficiently pleaded that they were discharged in retaliation for "their refusal to follow Defendants' instructions to continue working for Defendants while collecting unemployment benefits" in violation of Labor Law § 215. We hold that they did.
The plaintiffs, Walter Reyes and Ulises Reyes, were employed as assistant chefs and catered food preparers by the defendant Seaqua Delicatessen, Inc., doing business as Seaqua Delicatessen & Caterers (hereinafter Seaqua), from April 2014 until March 2020. Seaqua was owned and operated by the defendants Patrick Spates and Rick Nappi.
In 2017, the United States Department of Labor Wage & Hour Division (hereinafter USDOL) investigated the defendants and found that they underpaid the plaintiffs between February 2014 and February 2017, in violation of the Fair Labor Standards Act (29 USC § 201 et seq.; hereinafter FLSA). The plaintiffs received back wages from the defendants in September 2017, and received forms WH-58 as receipt of payment, which contained language stating that the plaintiffs released their right to commence an action to recover back wages under the FLSA "for the period of time indicated above," i.e., the workweek ending February 8, 2014, through the workweek ending February 4, 2017. The plaintiffs' employment was terminated in March 2020.
In December 2021, the plaintiffs commenced an action against the defendants, inter alia, to recover allegedly unpaid wages from April 2014 until March 2020, in the United States District Court for the Eastern District of New York. In a "Stipulation and Order of Dismissal" dated June 14, 2022, the plaintiffs withdrew their federal causes of action with prejudice "in light of the payroll records produced by Defendants confirming such federal claims do not exist," and withdrew their state law causes of action without prejudice.
In August 2022, the plaintiffs commenced the instant action against the defendants, among other things, to recover allegedly unpaid wages from April 2014 until March 2020. The [*2]amended complaint alleged five causes of action: (1) willful failure to pay in excess of minimum wage; (2) willful failure to pay overtime for hours worked in excess of 40 hours per workweek; (3) willful failure to pay spread-of-hours pay; (4) willful failure to provide the plaintiffs with weekly wage statements; and (5) violating Labor Law § 215 by terminating the plaintiffs' employment after they refused to work while collecting unemployment benefits. The plaintiffs acknowledged they had each received compensation from the USDOL in September 2017, but characterized those payments as "partial satisfaction of [their] [FLSA] damages."
The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the amended complaint. The defendants argued that the plaintiffs' first and second causes of action should be dismissed pursuant to CPLR 3211(a)(1), (5) and/or (7), alleging that documentary evidence proved that the plaintiffs were compensated in federal administrative proceedings, released their right to commence an action, and were collaterally estopped from seeking additional relief. The defendants argued that the plaintiffs' third cause of action should be dismissed pursuant to CPLR 3211(a)(7), because the plaintiffs failed to allege they were hospitality workers entitled to spread-of-hours pay, and further argued that the plaintiffs' fourth cause of action should be dismissed because the plaintiffs were compensated for all hours worked after the federal investigation. With respect to the fifth cause of action, the defendants argued that this cause of action should be dismissed pursuant to CPLR 3211(a)(7), because the plaintiffs failed to plead that their employment was terminated because they complained to the defendants about a violation of the New York Labor Law. The Supreme Court, inter alia, granted that branch of the defendants' motion. The plaintiffs appeal.
A party is entitled to dismissal pursuant to CPLR 3211(a)(1) on the ground that a defense is founded on documentary evidence "only if 'the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874, quoting Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see CPLR 3211(a)(1); Arco Acquisitions, LLC v Tiffany Plaza, LLC, 224 AD3d 798, 799). Here, the documents submitted with respect to the prior proceedings in federal court and prior federal administrative proceedings do not utterly refute the plaintiffs' allegation that they may independently recover under the New York Labor Law for failure to pay the minimum wage and overtime, as alleged in the first and second causes of action. The "Stipulation and Order of Dismissal" of the prior federal action explicitly states that "their state law claims" are dismissed without prejudice, and the forms WH-58 from the USDOL summarizing their unpaid wages for the period from the workweek ending February 8, 2014, through the workweek ending February 4, 2017, make no reference to the plaintiffs' state law causes of action.
Since the plaintiffs' state law causes of action were dismissed without prejudice, they were not sufficiently litigated on the merits to invoke the doctrine of collateral estoppel (see Douglas Elliman, LLC v Silver, 143 AD3d 752, 754-755). "Collateral estoppel prevents 'a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . whether or not the . . . causes of action are the same'" (Simmons v Trans Express Inc., 37 NY3d 107, 112, quoting Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [emphasis and internal quotation marks omitted]; see Domingo v Avis Budget Group, Inc., 219 AD3d 964, 965). However, "[c]ollateral estoppel only applies when: '(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits'" (Domingo v Avis Budget Group, Inc., 219 AD3d at 965, quoting Williams v New York City Tr. Auth., 171 AD3d 990, 991-992 [internal quotation marks omitted]).
On the question of whether the amended complaint states a cause of action, "when considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Cabrera v Deadwood Constr., Inc., 226 AD3d 743, 743-744; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38). "'Unlike on a motion for summary judgment where the court searches the record and assesses the sufficiency of the parties' evidence, on a motion to dismiss the court merely examines the adequacy of the pleadings'" (Cabrera v Deadwood Constr., Inc., 226 AD3d at 744, quoting Davis v Boeheim, 24 NY3d 262, 268).
Here, accepting the facts alleged in the amended complaint as true and according the plaintiffs the benefit of every possible favorable inference, the amended complaint sufficiently pleaded causes of action for failure to pay the minimum wage and overtime under the Labor Law [*3](see id.). The plaintiffs alleged that they worked a specific schedule of hours six days per week and that each plaintiff worked between 69 to 89 hours per week at a rate below the minimum wage (see id.). The plaintiffs further alleged that they were not paid overtime compensation for hours worked in excess of 40 hours in any given workweek, and that each plaintiff was paid a weekly salary based on an hourly rate of pay, regardless of the actual number of hours worked per week (see id.; Gutierrez v Bactolac Pharm., Inc., 210 AD3d 746, 747).
Further, the third cause of action, alleging failure to pay spread-of-hours pay, was sufficiently pleaded. "The spread of hours is the length of the interval between the beginning and end of an employee's workday" (12 NYCRR 146-1.6). Under the Hospitality Industry Wage Order promulgated by the Commissioner of the Department of Labor, "all employees in restaurants and all-year hotels" are entitled to spread-of-hours pay regardless of their regular pay rate (id. § 146-1.6[d]; see id. § 142-2.4[a]; Benitez v Bolla Operating LI Corp., 189 AD3d 970; Seenaraine v Securitas Sec. Servs. USA, Inc., 37 AD3d 700, 701; Fermin v Las Delicias Peruanas Rest., Inc., 93 F Supp 3d 19, 45-46 [ED NY]). Here, the amended complaint sufficiently alleged that Seaqua was "a delicatessen and catering business restaurant" and that the plaintiffs worked as assistant chefs and catered food preparers and, therefore, fell under those regulations.
Similarly, the fourth cause of action, which alleged that the plaintiffs were employed by the defendants and that the defendants willfully failed to provide weekly wage statements and pay stubs during the course of the plaintiffs' employment, adequately pleaded a cause of action to recover under the Wage Theft Prevention Act (see Labor Law § 195[3]; Silvers v Jamaica Hosp., 218 AD3d 817, 819). Further, the documentary evidence submitted by the defendants did not conclusively establish that the plaintiffs were compensated for all hours worked after the federal investigation.
With respect to the fifth cause of action, which alleged a violation of Labor Law § 215, that statute provides that no employer shall "discharge, threaten, penalize, or in any other manner discriminate against any employee" because such employee has "made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter or any order issued by the commissioner" (id. § 215[1][a][i]). The fifth cause of action alleged that "[b]y terminating Plaintiffs' employment in March 2020, Defendants retaliated against Plaintiffs for their refusal to follow Defendants' instructions to continue working for Defendants while collecting unemployment benefits," and that that retaliatory action violated Labor Law § 215. This cause of action contained sufficiently specific allegations to indicate that the plaintiffs were complaining about Labor Law violations.
Further, at the pleading stage, the actual law or regulation violated need not be specified to survive a challenge to the sufficiency of the pleadings (see Webb-Weber v Community Action for Human Servs., Inc., 23 NY3d 448, 453). Labor Law § 215 prohibits penalizing an employee for complaining about a violation of the Labor Law or order of the Commissioner of Labor, and the pleading is sufficient so long as the nature of such a violation is apparent. In support of that branch of their motion which was to dismiss the fifth cause of action, the defendants relied on Tsatskin v Kordonsky (189 AD3d 1296, 1299), which stated "the plaintiffs' failure to identify any provision of the Labor Law which they reasonably believed was violated by the individual defendants' alleged wrongful behavior is fatal to their retaliation claim." The Tsatskin case relied on Grella v St. Francis Hosp. (149 AD3d 1046, 1049), which did not involve a motion to dismiss the pleadings pursuant to CPLR 3211(a), but, rather, a motion for summary judgment. Grella, in turn, relied upon Epifani v Johnson (65 AD3d 224, 236), which held that "a plaintiff must allege that he or she complained about a specific violation of the Labor Law to support a claim of retaliatory discharge pursuant to Labor Law § 215," and cited to Deshpande v TJH Med. Servs., P.C. (52 AD3d 648, 651).
In Epifani v Johnson, the plaintiff alleged that she was discharged because she complained that she was not receiving overtime pay, which is governed by 12 NYCRR 142-2.2. This Court concluded that the allegation was insufficient to state a cause of action, because the statutory provisions of the Labor law do "'not contain any provisions governing overtime compensation'" (Epifani v Johnson, 65 AD3d at 236, quoting Deshpande v TJH Med. Servs., P.C., 52 AD3d at 651 [dealing with alleged violations of the whistleblower statute Labor Law § 740]). However, in Webb-Weber v Community Action for Human Servs., Inc. (23 NY3d at 453), the Court of Appeals held that "for pleading purposes, the complaint need not specify the actual law, rule or regulation violated, although it must identify the particular activities, policies or practices in which the employer allegedly engaged, so that the complaint provides the employer with notice of the alleged complained-of conduct. To the extent that Appellate Division authority can be read as [*4]requiring a plaintiff to plead the actual law, rule or regulation the employer violated, it should no longer be followed for that proposition (see Deshpande v TJH Med. Servs., P.C., 52 AD3d 648, 650 [2d Dept 2008], lv denied 12 NY3d 704 [2009])."
Further, by Laws of 2010, chapter 564, § 10, Labor Law § 215(1)(a) was amended to provide that "[a]n employee complaint or other communication need not make explicit reference to any section or provision of this chapter to trigger the protections of this section" and to provide for retaliation claims based upon violations of "any order issued by the commissioner," in addition to complaints of statutory violations (see L 2010, ch 564, § 10; Neu v Amelia US LLC, 226 AD3d 515; Schmidt-Sarosi v Offices for Fertility & Reproductive Medicine, 195 AD3d 479, 481).
In Zhang v Centene Mgt. Co., LLC (2023 WL 2969309, *11, 2023 US Dist LEXIS 68718, *27 [ED NY No. 21 CV 5313 (DG) (CLP)]), the United States District Court for the Eastern District of New York stated that "[t]o establish a claim of retaliation under Section 215, the plaintiff must allege (1) participation in protected activity known to the defendant . . . ; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action" (internal quotation marks omitted). In that case the plaintiff alleged she was fired for complaining about a violation of title 18 of the NYCRR—the social services regulations. The regulations dealing with the Labor Law are in title 12 of the NYCRR. The court noted that "because plaintiff has not alleged any conduct on the part of defendants that could reasonably be construed to violate the Labor Law, and has only alleged conduct that she believes violated NYCRR sections not within the Labor Law, her Section 215 claim fails to state a plausible claim" (Zhang v Centene Mgt. Co., LLP, 2023 WL 2969309, *13, 2023 US Dist LEXIS 68718, *32). The allegations must be sufficiently specific to indicate that the plaintiff was complaining about Labor Law violations (see Kassman v KPMG LLC, 925 F Supp 2d 453, 472-473 [SD NY]).
In Tsatskin v Kordonsky (189 AD3d at 1297-1298), the plaintiffs alleged retaliation against them for commencing a shareholder derivative action and never explained how that constituted a protected activity under the Labor Law and its regulations. Here, on the other hand, the amended complaint was sufficiently specific to indicate that the plaintiffs were discharged for engaging in a protected activity, i.e., their refusal to "follow Defendants' instructions to continue working for Defendants while collecting unemployment benefits," conduct that would violate eligibility requirements under the Labor Law and would require the plaintiffs to violate certification requirements imposed by title 12 of the NYCRR (see 12 NYCRR 473.2; Labor Law § 594; Matter of Pickton [Priority Assist Inc.—Commission of Labor], 127 AD3d 1484, 1486). Further, at the pleading stage, the actual law or regulation violated need not be pleaded (see Webb-Weber v Community Action for Human Servs., Inc., 23 NY3d at 453), and to the extent Epifani v Johnson holds to the contrary, the authority upon which it was based was explicitly overruled by the Court of Appeals, and it was further abrogated by the amendment to Labor Law § 215.
The defendants' remaining contentions are without merit.
Accordingly, the order is reversed insofar as appealed from and that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint is denied.
BARROS, J.P., FORD, WAN and LANDICINO, JJ., concur.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint is denied.
ENTER:
Darrell M. Joseph
Clerk of the Court