■ ROBERTO DaSILVA, Appellant, v CLARKSON ARMS, INC., Respondent.—Order, Supreme Court, New York County (Carol Arber, J.), entered on or about September 21, 1991, which, *inter alia,* directed plaintiff to disclose information concerning his alleged participation in the theft of gas from Con Edison and the homicide of a relative of the former corporate defendant's president, unanimously affirmed, without costs.

In this action brought pursuant to Labor Law § 740, commonly referred to as the Whistleblower Statute, it cannot be said that the IAS Court improvidently exercised its discretion in granting the corporate defendant, plaintiff's former employer, additional discovery with respect to whether plaintiff bears some responsibility for the acts attributed to defendant's former president, which created and presented a substantial and specific safety hazard to the public at large and led to the death of one individual. Labor Law § 740 (2) (b) prohibits an employer from taking retaliatory action against an employee because such employee "provides information to * * * any public body conducting an investigation" into any violation of law, rule or regulation by said employer which creates a substantial and specific danger to public health or safety. The statute also provides that "[i]t shall be a defense * * * that the personnel action was predicated upon grounds other than

the employee's exercise of any rights protected by this section" (Labor Law § 740 [4] [c]).

Neither precedent nor legislative history supports plaintiff's contention that even if he is found to be an accomplice in the illegal acts of his employer, he can still recover under the statute *(see generally,* Givens, Practice Commentaries, McKinney's Cons Laws of NY, Book 30, Labor Law § 740, at 553, 560-562). Thus, defendant was properly afforded an additional opportunity to ascertain whether plaintiff's conduct justified his dismissal. Concur—Milonas, J. P., Wallach, Asch and Rubin, JJ.