■ DOLORES E. KNIGHTON, Appellant, v MUNICIPAL CREDIT UNION, Respondent. [898 NYS2d 117]—

Order, Supreme Court, New York County (Louis B. York, J.), entered January 20, 2009, which, to the extent appealed from, as limited by the briefs, granted defendant summary judgment dismissing plaintiff's disability discrimination causes of action, unanimously modified, on the law, to reinstate plaintiff's first and second causes of action for disability discrimination to the extent such claims are based on the failure to accommodate, and otherwise affirmed, without costs.

In this action for wrongful termination, grounded on charges of disability discrimination and whistleblower retaliation, plaintiff's assertion of a claim for retaliatory termination pursuant to Labor Law § 740 (7) did not require the dismissal of her causes of action based on disability discrimination. Plaintiff's claims that defendants failed to reasonably accommodate her disabilities stated separate causes of action from her claim of retaliatory termination under the whistleblower statute (see *Bordan v North Shore Univ. Hosp.*, 275 AD2d 335, 336 [2000]; *Kraus v Brandstetter*, 185 AD2d 302, 303 [1992]).

Plaintiff's claims of retaliatory termination based on the filing of a complaint with the Occupational Safety and Health Administration (OSHA), however, were properly dismissed. Labor Law § 740 (4) (c) provides that "[i]t shall be a defense . . . that the personnel action was predicated upon grounds other than the employee's exercise of any rights protected by this section" (*DaSilva v Clarkson Arms*, 189 AD2d 619, 619-620 [1993]). Defendant offered documentary evidence showing that plaintiff was not terminated in retaliation for filing a complaint with OSHA, and, in opposition, plaintiff failed to rebut defendant's evidence. Concur—Mazzarelli, J.P., Sweeny, Nardelli, Acosta and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 30204(U).]**