■ In the Matter of JAMES THOMAS, Appellant, v MASTERCARD ADVISORS, LLC, et al., Respondents. [901 NYS2d 638]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered March 20, 2009, which, inter alia, denied petitioner's application pursuant to CPLR 3102 (c) for the pre-action production of records and documents relating to his former employment so as to enable him to frame claims for wrongful termination of employment, unanimously affirmed, without costs.

Pre-action disclosure is available only upon a showing that the petitioner has a meritorious cause of action and that the information sought is material and necessary to an actionable wrong (*see Holzman v Manhattan & Bronx Surface Tr. Operating Auth.*, 271 AD2d 346, 347 [2000]). It may not be used for the purpose of exploring the possibility of alternative theories of liability or whether the prospective plaintiff has a cause of action worth pursuing (*see id.*; *Matter of Uddin v New York City Tr. Auth.*, 27 AD3d 265 [2006]).

Here, the court exercised its discretion in a provident manner in denying the application since it is clear that petitioner does not have a viable claim against respondents for wrongful termination in violation of its standards contained in the employee handbook. Petitioner, who acknowledged in his employment application that "I understand that my employment may be terminated with or without cause and with or without notice, at any time, at the option of either MasterCard or myself," may not ignore the disclaimer in the code of conduct that the "the Code of Conduct, Employee Handbook . . . are not contracts of employment and are not intended to create any implied promises or guarantees of fixed terms of employment" by endeavoring to create a contractual obligation upon his employer not to exercise its otherwise unfettered right to terminate, at any time, an at-will employee with or without cause (*see Lobosco v New York Tel. Co./NYNEX*, 96 NY2d 312 [2001]; *compare Weiner v McGraw-Hill, Inc.*, 57 NY2d 458 [1982]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Friedman, J.P., Nardelli, Moskowitz, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 30591(U).]**