■ Hovsep Gregorian, Respondent, v New York Life Insurance Company, Appellant. [935 NYS2d 120]—

The plaintiff commenced this action, alleging that the defendant illegally discharged him due to his age in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-502, and in retaliation for his complaints to management regarding allegedly racially discriminatory working conditions, in violation of Labor Law § 740 (2), commonly known as the "whistleblower" statute, and Administrative Code of the City of New York § 8-107 (7). The defendant removed the action to the United States District Court for the Eastern District of New York, which remitted the matter back to the Supreme Court, Kings County, concluding that the removal was untimely (*see Gregorian v New York Life Ins. Co.*, 2009 WL 179217, 2009 US Dist LEXIS 5288 [ED NY 2009]).

The defendant then moved, prior to the filing of the note of issue, for summary judgment dismissing the complaint, arguing, insofar as relevant, that the age discrimination causes of action were barred by the election of remedies provision of Labor Law § 740 (7), and that the plaintiff could not establish that the defendant's proffered legitimate, nondiscriminatory reasons for his discharge were pretextual. In opposition, the plaintiff argued that disclosure was not complete and that, at the time of the remittal from the federal court, he had a pending motion to compel the production of documents and the depositions of no less than eight witnesses. In the order appealed from, the Supreme Court granted those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action, alleging retaliation in violation of "whistleblower" statute and the Administrative Code of the City of New York, respectively, and denied, as premature, those branches of the motion which were for summary judgment dismissing the third and fourth causes of action alleging age discrimination in violation of the Executive Law and the Administrative Code of the City of New York, respectively, with leave to renew upon the completion of disclosure. We affirm the order insofar as appealed from.

Contrary to the defendant's contention, the Supreme Court

properly determined that the plaintiff's age discrimination causes of action are not barred by the election of remedies provision of Labor Law § 740 (7) (see *Kraus v Brandstetter*, 185 AD2d 302, 302-303 [1992]; see also *Collette v St. Luke's Roosevelt Hosp.*, 132 F Supp 2d 256, 260 [2001]; cf. *Garner v China Natural Gas, Inc.*, 71 AD3d 825, 827 [2010]; *Deshpande v TJH Med. Servs., P.C.*, 52 AD3d 648, 651 [2008]; *Hayes v Staten Is. Univ. Hosp.*, 39 AD3d 593 [2007]; *Pipia v Nassau County*, 34 AD3d 664, 666-667 [2006]; *Bordan v North Shore Univ. Hosp.*, 275 AD2d 335, 336 [2000]).

Accordingly, the Supreme Court properly denied, as premature, those branches of the defendant's motion which were for summary judgment dismissing the third and fourth causes of action alleging age discrimination, with leave to renew upon the completion of disclosure (see CPLR 3212 [f]; *Groves v Land's End Hous. Co.*, 80 NY2d 978, 980 [1992]; *Botros v Flamm*, 77 AD3d 602, 603 [2010]; *Afzal v Board of Fire Commrs. of Bellmore Fire Dist.*, 23 AD3d 507 [2005]). Rivera, J.P., Leventhal, Roman and Sgroi, JJ., concur.