■ HSBC Bank USA, N.A., as Trustee for the Registered Holders of Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3, Respondent, v Joaquin Arias et al., Appellants. [977 NYS2d 323]—

In an action to foreclose a mortgage, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered March 30, 2012, as denied, in effect, as premature, their renewed cross motion for summary judgment dismissing the complaint insofar as asserted against the defendants Asia Garcia and David A. Bythewood.

Ordered that the order is affirmed insofar as appealed from, with costs.

On July 8, 2009, the plaintiff commenced this foreclosure ac-

tion and subsequently moved, inter alia, for summary judgment on the complaint. The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against the defendant Asia Garcia. The Supreme Court found unresolved factual issues and denied both the motion and cross motion without prejudice to renewal upon the completion of discovery. Thereafter, prior to the completion of discovery, the defendants renewed their prior cross motion for summary judgment dismissing the complaint insofar as asserted against Garcia and the defendant David A. Bythewood. The Supreme Court, inter alia, denied the renewed cross motion (hereinafter the defendants' motion), as premature.

The Supreme Court properly denied, in effect, as premature, the defendants' motion. "A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (*Matter of Fasciglione*, 73 AD3d 769, 770 [2010]; *see* CPLR 3212 [f]; *Chmelovsky v Country Club Homes, Inc.*, 106 AD3d 684 [2013]; *Gregorian v New York Life Ins. Co.*, 90 AD3d 837, 839 [2011]). Here, the parties failed to comply with the court's prior order insofar as they did not complete discovery. Contrary to the defendants' contention that none of the parties sought further discovery, they themselves filed a notice of discovery and inspection after the court's prior order. Furthermore, the defendants argued in their motion that the plaintiff failed to come forward with certain documents. Under the circumstances of this case, the Supreme Court properly denied the defendants' motion, in effect, as premature, without prejudice to renewal (*see Matter of Fasciglione*, 73 AD3d at 770).

In light of our determination, we need not address the parties' remaining contentions. Rivera, J.P., Dillon, Chambers and Hinds-Radix, JJ., concur.