[14 NYS3d 359]

Seung Won Lee et al., Respondents, v Woori Bank, New York Agency, Appellant.

First Department, July 28, 2015

APPEARANCES OF COUNSEL

*Sheppard, Mullin, Richter & Hampton LLP*, New York City (*Jonathan Stoler* and *Sean J. Kirby* of counsel), for appellant.

*Kim & Bae, P.C.*, New York City (*Alan L. Poliner* and *Peter Melamed* of counsel), for respondents.

## OPINION OF THE COURT

TOM, J.P.

This Court is asked to decide the extent to which the commencement of an action under New York's whistleblower statute (Labor Law § 740) bars the maintenance of other claims to redress the wrongful conduct that prompted the report of abuse resulting in retaliatory action by the employer. We conclude that the purpose of the statute and the relief it affords make it clear that claims predicated on the statute are distinct from claims predicated upon the underlying tortious conduct identified by plaintiffs, and that their causes of action for sexual harassment and negligence may go forward.

Plaintiff Min Chul Shin began his employment with defendant Woori Bank, New York Agency, as a member of the accounting staff at its New York City office in May 2011. Plaintiff Seung Won Lee commenced his employment as a staff member in the Wire Transfer Department in the same office in April 2012. Woori, a Korean bank, rotates senior executives and managers from its home office to the New York office for three-year periods and transferred senior manager Shin Hyng Yoo to New York in January 2012. The complaint alleges that Yoo and four other senior transferees consistently made sexual comments to the New York staff and that Yoo, in particular, made unwelcome sexual advances and comments to both female and male staff members, including Shin, whom Yoo slapped on his buttocks and tried to kiss.

When senior management failed to take action to resolve the situation, Lee anonymously reported the misconduct to senior

management in the Korea office using an unassigned Woori Bank email account. The bank dispatched three people from its Korea office to investigate, but it is alleged that they sought merely to learn who had sent the email message, not to conduct a thorough investigation or address any sexual harassment. However, shortly after their visit, Woori Bank considered closing its New York office, ostensibly due to the reported misconduct. Lee was then asked by local managers to again email the Korea office, using the same unassigned account, to request that the New York office remain open so that its staff members would not lose their employment. As a result, Yoo was recalled to Woori Bank's Korea office in April 2013, and staff in Korea learned what was known by staff in New York—that the emails had been authored by Lee. Plaintiffs were then ignored and ostracized, and did not receive their normal work assignments.

The bank is alleged to have begun retaliating against plaintiffs by transferring Shin, shortly after the sexual harassment issues became known in Korea in March 2013, to a department where, he had specifically stated before he was hired, he did not want to work. It is alleged that he was constructively fired the following month for refusing the transfer.

As to Lee, in February 2014, he was transferred to the Reimbursement Department as an input data clerk, a position well beneath the one for which he was hired. On approximately April 7, 2014, his employment was terminated. Lee was instructed to sign a release agreement absolving the bank of any liability but refused to comply.

The complaint alleges retaliation pursuant to Labor Law § 740 and the New York City Human Rights Law (Administrative Code of City of NY § 8-101 *et seq.*); battery as to Shin only; negligence in hiring, training and discharging employees; and sexual harassment and a sexually hostile work environment under the State Human Rights Law (Executive Law § 290 *et seq.*) and the City Human Rights Law (Administrative Code § 8-101 *et seq.*). With the exception of Shin's battery claim, the causes of action each seek $1 million, plus punitive damages.

In response to the filing of the complaint, Woori Bank brought the subject motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7). The bank argued, in relevant part, that plaintiffs waived their sexual harassment and negligence claims upon filing the claim under Labor Law § 740, which, the bank asserted, bars all claims

arising out of the same acts as those underlying the section 740 claim or that relate to the retaliatory actions on which the section 740 claim is based (citing Labor Law § 740 [7]).

In opposition, plaintiffs argued that the waiver provision of Labor Law § 740 should be narrowly construed. They noted that the sexual harassment and the work environment that it created preceded any retaliatory measures. Thus, these claims cannot possibly arise from the wrongful termination and do not bar plaintiffs' other claims.

As pertinent to this appeal, the motion court denied dismissal of the negligence and sexual harassment claims, finding that they are not deemed waived by Labor Law § 740 (7). Rather, the court held that they are "separate and independent from plaintiffs' retaliation claim[,] and the conduct underlying such claims does not arise out of defendant's alleged retaliatory personnel action" (2014 NY Slip Op 32345[U], *5 [Sup Ct, NY County 2014]). The court dismissed the Labor Law § 740 claim alleging retaliation because it fails to allege the requisite effect on the health and safety of the public at large. The court also dismissed the retaliation claim under the City Human Rights Law as waived by plaintiffs' pursuit of the state law remedy (Labor Law § 740 [7]). While finding that Shin's battery claim was not similarly waived, the court dismissed it as time-barred. These rulings are not contested on appeal.

Woori Bank contends that this Court should adopt a transactional approach to deem the sexual harassment and negligence claims waived because they "arise out of the same acts" as those giving rise to the Labor Law § 740 retaliation claim and "relate to" the allegedly retaliatory terminations (citing *Owitz v Beth Israel Med. Ctr.*, 1 Misc 3d 912 [A], 2004 NY Slip Op 50046[U], *3-4 [Sup Ct, NY County 2004]). Plaintiffs counter that Woori's proposal would impose a standard barring claims arising out of the same acts, together with those related to, though not necessarily arising out of, those same acts, an interpretation they assert to be far too encompassing. Further, they argue that the mere incorporation of allegations from one cause of action in the complaint to another does not warrant the conclusion that the respective claims arise out of the same acts.

In dispute is the scope of Labor Law § 740 (7), which provides:

> "Existing rights. Nothing in this section shall be deemed to diminish the rights, privileges, or reme-

dies of any employee under any other law or regulation or under any collective bargaining agreement or employment contract; except that the institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law."

This provision makes clear that the terminated employee is neither compelled to bring an action under the statute nor limited to the relief it affords but may pursue any other available remedy. However, if the employee chooses to institute an action pursuant to the statute, any alternative means of redress is thereby waived.

Central to the assessment of the scope of this waiver is the purpose of the statute, both with respect to the abuse it is intended to remedy and the relief it provides. It prohibits "retaliatory personnel action" against an employee who undertakes to disclose conduct in violation of any law or regulation, who furnishes information to an investigatory body in regard to such activity or who refuses to participate in such activity (Labor Law § 740 [2]). Notably, statutory relief is confined to wrongful termination; no redress is provided to the victims of the underlying misconduct. The statute specifically addresses the termination of an employee who witnesses and reports misconduct. It is not so broad as to encompass the circumstances at bar, in which plaintiffs were not only terminated for revealing abuse by senior managers but were also targeted and victimized by that abuse. This distinction has been recognized elsewhere (*Bordan v North Shore Univ. Hosp.*, 275 AD2d 335, 336 [2d Dept 2000] [finding a claim of tortious interference with the plaintiff's employment contract "separate and independent from" the barred claim that his termination breached the employment contract]; *see also Knighton v Municipal Credit Union*, 71 AD3d 604, 605 [1st Dept 2010]; *Kraus v Brandstetter*, 185 AD2d 302, 303 [2d Dept 1992]). It has been observed that the purpose of the waiver is to prevent duplicative recovery (*Reddington v Staten Is. Univ. Hosp.*, 11 NY3d 80, 89 [2008]), a policy that is not offended when redress is sought for injury under a claim that is distinct from a statutory cause of action predicated on wrongful termination (*see Collette v St. Luke's Roosevelt Hosp.*, 132 F Supp 2d 256, 267-268 [SD NY 2001]).

Here, the claims for sexual harassment and negligence in the training and supervision of the managers who engaged in such misconduct by Woori Bank are "legitimately independent claims" (*id.* at 274) from those that are deemed to be waived because they "duplicate or overlap the statutory remedies for retaliation on account of whistleblowing activity alone" (*id.*). Plaintiffs' sexual harassment claim is based on a senior executive's alleged physical and verbal sexual harassment of subordinate staff, the other managers' alleged encouragement of that conduct, and the creation of a hostile work environment. Meanwhile, their negligence claim alleges that Woori Bank negligently hired and trained defendant senior executive Yoo and continued to retain him, even after learning of his alleged sexual harassment of subordinate employees. These claims concern injury sustained as a result of the reported misconduct, not simply the statutorily protected loss of employment as a consequence of complaining to management about such misconduct. We further agree with plaintiffs that the mere incorporation by reference of various allegations in the complaint alleging retaliation in the sexual harassment and negligence causes of action does not warrant a contrary conclusion.

Accordingly, the order of the Supreme Court, New York County (Cynthia S. Kern, J.), entered September 4, 2014, which, to the extent appealed from, denied defendant's motion to dismiss plaintiffs' negligence and sexual harassment claims, should be affirmed, without costs.

FRIEDMAN, RENWICK, MOSKOWITZ and DEGRASSE, JJ., concur.

Order, Supreme Court, New York County, entered September 4, 2014, affirmed, without costs.