■ JOSEPH SCIDDURLO, Appellant, v FINANCIAL INDUSTRY REGULATORY AUTHORITY, Respondent. [42 NYS3d 321]—

In an action, inter alia, to recover damages for discrimination in employment on the basis of age in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Green, J.), dated December 16, 2014, as granted that branch of the defendant's motion which was pursuant to CPLR 3211

(a) (7) to dismiss the causes of action alleging discrimination in employment on the basis of age in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging discrimination in employment on the basis of age in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107 is denied.

The plaintiff commenced this action alleging, inter alia, that the defendant, his employer, discriminated against him due to his age in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107. In a prior action against the defendant, the plaintiff had alleged retaliation in his employment in violation of Labor Law § 740 based on his threatened disclosure of his employer's alleged circumvention of regulations promulgated by the Securities and Exchange Commission. The prior action was dismissed by the United States District Court for the Southern District of New York (Hellerstein, J.) for lack of subject matter jurisdiction, without prejudice to the plaintiff's nonfederal claims should they be re-alleged in state court. The Supreme Court determined that the plaintiff's assertion of a whistleblower cause of action in federal court in the prior action barred the causes of action asserted in the present action, and granted the defendant's motion to dismiss the instant complaint. We reverse the order insofar as appealed from.

Contrary to the defendant's contention, the waiver provision of Labor Law § 740 (7) does not bar the plaintiff's age discrimination claims in this action (*see Gregorian v New York Life Ins. Co.*, 90 AD3d 837, 838 [2011]; *Knighton v Municipal Credit Union*, 71 AD3d 604, 605 [2010]; *Kraus v Brandstetter*, 185 AD2d 302, 302-303 [1992]; *Collette v St. Luke's Roosevelt Hosp.*, 132 F Supp 2d 256, 260 [SD NY 2001]; *cf. Charite v Duane Reade, Inc.*, 120 AD3d 1378, 1378 [2014]).

Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was to dismiss the causes of action alleging discrimination in employment on the basis of age in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107. Leventhal, J.P., Miller, Maltese and Duffy, JJ., concur.