■ Patricia Grella, Appellant, v St. Francis Hospital et al., Respondents. [53 NYS3d 330]—

Appeal from an order of the Supreme Court, Nassau County (Daniel Palmieri, J.), entered November 26, 2014. The order granted the defendants' motion for summary judgment dismissing the second amended complaint.

Ordered that the order is affirmed, with costs.

The plaintiff worked for the defendant Heart Center Federal Credit Union (hereinafter HCFCU), a part of the defendant St. Francis Hospital (hereinafter the hospital), from 1991 until September 20, 2011, at which time she either resigned or was discharged from her employment. The plaintiff commenced this action against HCFCU, the hospital, and certain employees, alleging that she was discharged from her employment due to unlawful age discrimination in violation of the Human Rights Law (Executive Law § 296 [1] [a]), and as retaliation in violation of Labor Law § 215. The second amended complaint alleged that the plaintiff was fired after she complained that employees were not being treated equally with respect to the

use of vacation days when they were told to stay home due to inclement weather, and that the plaintiff, then 50 years old, was replaced by a 25-year-old worker. The defendants moved for summary judgment dismissing the second amended complaint, arguing that the plaintiff resigned during an altercation with her supervisor concerning the plaintiff's alleged harassment of a coworker regarding the vacation day issue, and they declined to accept the plaintiff's attempt to rescind her resignation because the plaintiff had acted in an aggressive, physically threatening, and insubordinate manner and had created an untenable work environment in the small office. The Supreme Court granted the defendants' motion, and the plaintiff appeals.

"The standards for recovery under section 296 of the Executive Law are in accord with Federal standards under title VII of the Civil Rights Act of 1964" (*Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]). To support a prima facie case of age discrimination, a plaintiff must demonstrate "(1) that he [or she] is a member of the class protected by the statute; (2) that he [or she] was actively or constructively discharged; (3) that he [or she] was qualified to hold the position from which he [or she] was terminated; and (4) that the discharge occurred under circumstances giving rise to an inference of age discrimination" (*id.* at 629; *see McDonnell Douglas Corp. v Green*, 411 US 792, 802 [1973]). The burden then shifts to the employer to rebut the presumption of discrimination by setting forth a legitimate, independent, and nondiscriminatory reason to support the employment decision (*see Ferrante v American Lung Assn.*, 90 NY2d at 629; *Matter of Miller Brewing Co. v State Div. of Human Rights*, 66 NY2d 937 [1985]). The plaintiff then must prove that the proffered reasons are merely a pretext for discrimination (*see McDonnell Douglas Corp. v Green*, 411 US at 805; *Ferrante v American Lung Assn.*, 90 NY2d at 629-630). "This may be accomplished when it is 'shown *both* that the reason was false, and that discrimination was the real reason' " (*Ferrante v American Lung Assn.*, 90 NY2d at 630, quoting *St. Mary's Honor Center v Hicks*, 509 US 502, 515 [1993]; *see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]).

To prevail on a motion for summary judgment, a defendant must "demonstrate either plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for their challenged actions, the absence of a material issue of fact as to whether their explanations were pretextual" (*Forrest v Jewish Guild for the Blind*, 3 NY3d at 305).

Here, contrary to the Supreme Court's determination, the defendants failed to demonstrate an absence of triable issues of fact regarding the plaintiff's prima facie case. It is undisputed that the plaintiff was a member of the protected class and was qualified to hold her position. Moreover, the defendants' submissions revealed triable issues of fact as to whether the plaintiff was discharged from her employment or resigned (*see id.* at 307). The fact that an employee was replaced by a substantially younger employee gives rise to an inference of discrimination sufficient to make a prima facie case of age discrimination (*see O'Connor v Consolidated Coin Caterers Corp.*, 517 US 308 [1996]; *Bailey v New York Westchester Sq. Med. Ctr.*, 38 AD3d 119, 123 [2007]; *Matter of Bemis v New York State Div. of Human Rights*, 26 AD3d 609, 611 [2006]; *Bockino v Metropolitan Transp. Auth.*, 224 AD2d 471 [1996]; *Farias v Instructional Sys., Inc.*, 259 F3d 91, 98 [2d Cir 2001]; *cf. Kelly v Poughkeepsie Area Chamber of Commerce*, 265 AD2d 307 [1999]). Viewing the facts in the light most favorable to the plaintiff (*see Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824, 833 [2014]), there is a triable issue of fact as to whether the 25-year-old who was hired four months after the plaintiff's separation from employment, and who assumed at least some of the plaintiff's former responsibilities, replaced the plaintiff (*see Mazzeo v Color Resolutions Intl., LLC*, 746 F3d 1264, 1271-1272 [11th Cir 2014]; *Rollins v TechSouth, Inc.*, 833 F2d 1525, 1529 [11th Cir 1987]; *see also Dolgon v Standard Motor Prods.*, 251 AD2d 281 [1998]).

However, the Supreme Court properly determined that the defendants established the absence of a triable issue of fact as to whether their explanation for the plaintiff's separation from employment—her behavior toward her coworker and supervisor—was a pretext for age discrimination. While the evidence may have revealed issues of fact regarding whether the plaintiff's alleged termination was warranted, the question is not whether the decision was correct or wise, but whether the reason for the decision was a pretext for discrimination (*see Kelderhouse v St. Cabrini Home*, 259 AD2d 938 [1999]; *Pollard v Rea Magnet Wire Co., Inc.*, 824 F2d 557, 559 [7th Cir 1987]). Moreover, a triable issue of fact regarding the falsity of the defendants' proffered reasons for the employment action is not enough; there must be evidence " '*both* that the reason was false, and that discrimination was the real reason' " (*Ferrante v American Lung Assn.*, 90 NY2d at 630, quoting *St. Mary's Honor Center v Hicks*, 509 US 502, 515 [1993]; *see Forrest v Jewish Guild for the Blind*, 3 NY3d at 305; *Grady v Affiliated Cent., Inc.*, 130 F3d 553, 560, 561 [2d Cir 1997]). Here, the de-

fendants' submissions reveal no evidence that age discrimination was the real reason for the plaintiff's alleged termination. Alleged age-related comments made by the plaintiff's supervisor about a former employee five years prior to the plaintiff's separation from employment did not refer directly to the plaintiff, and were too remote in time to show any nexus with the alleged decision to discharge the plaintiff (*see Mete v New York State Off. of Mental Retardation & Dev. Disabilities*, 21 AD3d 288, 294 [2005]; *Birkbeck v Marvel Light. Corp.*, 30 F3d 507, 512 [4th Cir 1994]; *Phelps v Yale Sec., Inc.*, 986 F2d 1020, 1026 [6th Cir 1993]; *Guthrie v Tifco Indus.*, 941 F2d 374, 379 [5th Cir 1991]). In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact regarding pretext for discrimination. The plaintiff offered no evidence from which a jury could infer that she was discharged because of her age, but merely speculation and conjecture, which is insufficient to defeat summary judgment (*see Bickerstaff v Vassar Coll.*, 196 F3d 435, 448 [2d Cir 1999]).

The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the retaliation cause of action pursuant to Labor Law § 215. Under that statute, it is unlawful to retaliate against an employee "because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner" (Labor Law § 215 [1] [a] [i]). "[T]his chapter" refers to any provision of the Labor Law (*see Epifani v Johnson*, 65 AD3d 224, 235 [2009]). Here, the plaintiff's failure to identify any provision of the Labor Law which she reasonably believed was violated by the defendants' alleged inconsistent application of their vacation day policy for weather-related absences is fatal to her retaliation claim (*see id.* at 236).

Accordingly, the defendants' motion was properly granted. Mastro, J.P., Sgroi, Maltese and Duffy, JJ., concur.