Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered August 24, 2016, which granted defendant’s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
 

 Plaintiff has failed to point to any evidence to support an inference that he was terminated on account of his age (see Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 35, 40-41 [1st Dept 2011], lv denied 18 NY3d 811 [2012]). Plaintiff points to no direct evidence of age-related bias, and he testified that he never heard of any remarks made about his age. His claim of age discrimination instead rests entirely on the allegation that he was replaced by a younger employee. The record does not state the age of the woman who allegedly replaced him, however, but instead contains only witnesses’ “guess [es]” that she was in her “mid-40s.” Such “conjecture” as to an alleged replacement employee’s age does not suffice to raise a triable issue of fact on a motion for summary judgment (Grella v St. Francis Hosp., 149 AD3d 1046, 1049 [2d Dept 2017]; see Soho Ctr. for Arts & Educ. v Church of St. Anthony of Padua, 146 AD2d 407, 411 [1st Dept 1989]).
 

 The record provides no basis to find that the alleged replacement was substantially younger than plaintiff, as required to support an inference of age discrimination in the absence of direct or statistical evidence (see Melman v Montefiore Med. Ctr., 98 AD3d 107, 114-115 and n 2 [1st Dept 2012]; Weit v Flaum, 258 AD2d 286, 286-287 [1st Dept 1999]).
 

 Concur— Richter, J.P., Moskowitz, Gesmer and Singh, JJ.