■ Ada Damla Demir, Respondent, v Sandoz Inc. et al., Appellants. [65 NYS3d 9]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered February 17, 2017, to the extent it denied defendants' motion to dismiss the Labor Law § 740 claim and employment discrimination claim under the New York State Human Rights Law, unanimously affirmed, with costs.

The court properly applied the relation back doctrine (CPLR 203 [f]) to plaintiff's whistleblower claim pursuant to Labor Law § 740, which requires such actions to be commenced within one year of the alleged retaliatory action (Labor Law § 740 [4] [a]). Although that claim was not asserted until the second amended complaint, filed on October 19, 2015, more than one year after her termination on February 4, 2014, the original complaint, filed on January 31, 2015, alleged that on February 3, 2014, plaintiff reported to the defendants' Business Practices Office defendants' improper practices regarding its procurement of chemicals to manufacture its highest grossing drug, and that those practices did not comply with FDA regulations. It further alleged that she was terminated the next day in retaliation for that conduct. This sufficed to give defendants notice of the transactions or occurrences to be proved in asserting the section 740 claim in the later second amended complaint (*see Giambrone v Kings Harbor Multicare Ctr.*, 104 AD3d 546 [1st Dept 2013]). Nor is there any basis or sound policy reason to deem the relation back doctrine inapplicable to such whistleblower claims. The right to sue an employer for an allegedly retaliatory discharge predates enactment of that statute and thus is not the kind of "statute of repose" to which the relation back doctrine does not apply (*Matter of Goldstein v New York State Urban Dev. Corp.*, 13 NY3d 511, 521 [2009]), nor is the time limit "so incorporated with the remedy given as to make it an integral part of it and the condition precedent to the maintenance of the action at all" (*Wing Wong v King Sun Yee*, 262 AD2d 254, 255 [1st Dept 1999]).

Next, liberally construing the complaint, presuming its factual allegations to be true, and giving the allegations every favorable inference, as required on a CPLR 3211 motion to dismiss, plaintiff adequately pleaded a Labor Law § 740 violation against defendants in alleging that its manufacturer and procurement of chemical ingredients for defendants' highest grossing product was not compliant with FDA regulatory requirements governing the drug's safety and efficacy, and she need not plead an actual violation of laws or regulations (*see Webb-Weber v Community Action for Human Servs., Inc.*, 23 NY3d 448 [2014]).

The motion court correctly concluded that Labor Law § 740 (7), the "election-of-remedies" provision, does not waive plaintiff's claim of discrimination under the New York State Human Rights Law (Executive Law § 296) because, in alleging discrimination on account of plaintiff's gender, national origin, and religion, plaintiff does not seek the same rights and remedies as she does in connection with her whistleblowing claim, notwithstanding that both claims allege that she was wrongfully terminated (*Knighton v Municipal Credit Union*, 71 AD3d 604, 605 [1st Dept 2010]; *see also Collette v St. Luke's Roosevelt Hosp.*, 132 F Supp 2d 256, 267, 274 [SD NY 2001]; *Seung Won Lee v Woori Bank, N.Y. Agency*, 131 AD3d 273, 277 [1st Dept 2015]; *Sciddurlo v Financial Indus. Regulatory Auth.*, 144 AD3d 1126 [2d Dept 2016]).

We further conclude that plaintiff alleged sufficient facts to show that she was subjected to adverse employment actions under circumstances giving rise to an inference of discrimination (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]), including that she was passed over for a promotion for no legitimate reason, that she was "demoted in title," and eventually terminated on February 4, 2014, and that she and other women, including other Muslim women, had been subjected to abusive and derogatory remarks and questions about her accent and her religious practices in a male-dominated environment.

Similarly, these and additional allegations regarding the other women, including Muslim women, who were denied promotions or subjected to other adverse treatment, and her resulting severe anxiety disorder requiring medication sufficed to allege a hostile work environment (*Forrest* at 311). Concur—Richter, J.P., Mazzarelli, Kahn and Moulton, JJ.