Gregorian v New York Life Ins. Co. (2022 NY Slip Op 06917)

Gregorian v New York Life Ins. Co.

2022 NY Slip Op 06917

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2019-10749
 (Index No. 34349/05)

[*1]Anna Gregorian, as administrator of the estate of Hovsep Gregorian, appellant, 
v
New York Life Insurance Company, respondent.

Ruta Soulios & Stratis LLP, New York, NY (Steven A. Soulios and Chiricio Law PLLC [Vincent Chirico], of counsel), for appellant.
Proskauer Rose LLP, New York, NY (Elise M. Bloom, Steven D. Hurd, and Pinchos N. Goldberg of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of age in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated September 4, 2019. The order granted the defendant's motion for summary judgment dismissing the third and fourth causes of action.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the third and fourth causes of action is denied.
Hovsep Gregorian was an employee of the defendant, New York Life Insurance Company, from 1985 until the termination of his employment in February 2005, at the age of 51. The defendant's general offices are grouped into four zones, and the zones are supervised by the Agency Department. In 1995, Gregorian was made the managing partner of the Bay Ridge office in the Northeastern Zone. In 1999, that office merged with the Flatbush office, and Gregorian was made the managing partner of the combined Brooklyn office, a position he held until his employment was terminated. Gregorian's replacement in that position was 44 years old.
Gregorian commenced this action, alleging, among other things, that the defendant illegally terminated his employment due to his age in violation Executive Law § 296 (third cause of action) and Administrative Code of the City of New York § 8-107 (fourth cause of action). On a prior appeal, this Court affirmed so much of an order as denied, as premature, those branches of the defendant's motion which were for summary judgment dismissing the third and fourth causes of action, with leave to renew upon the completion of disclosure (see Gregorian v New York Life Ins. Co., 90 AD3d 837).
After further disclosure, the defendant moved for summary judgment dismissing the third and fourth causes of action. In an order dated September 4, 2019, the Supreme Court granted the motion. Gregorian appeals. During the pendency of the appeal, Gregorian died, and the administrator of his estate was substituted as the appellant.
The New York State Human Rights Law (Executive Law art 15; hereinafter NYSHRL) and the New York City Human Rights Law (Administrative Code of City of NY § 8-101 et seq.; hereinafter NYCHRL), prohibit discrimination in employment on the basis of age (see Executive Law § 296[1][a]; Administrative Code § 8-107[1][a]). Under the law applicable here, a plaintiff alleging discrimination in employment in violation of the NYSHRL must establish that (1) she or he is a member of a protected class, (2) she or he was qualified to hold the position, (3) she or he suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305; Ayers v Bloomberg, L.P., 203AD3d 872, 874; Golston-Green v City of New York, 184 AD3d 24, 36). To prevail on a motion for summary judgment dismissing an NYSHRL cause of action, a defendant "must demonstrate either plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for [the] challenged actions, the absence of a material issue of fact as to whether [the] explanations were pretextual" (Forrest v Jewish Guild for the Blind, 3 NY3d at 305; see Lefort v Kingsbrook Jewish Med. Ctr., 203AD3d 708, 710; see also McDonnell Douglas Corp. v Green, 411 US 792, 802-805).
Under the NYCHRL, a plaintiff must establish that she or he was "subject to an unfavorable change or treated less well than other employees on the basis of a protected characteristic" (Golston-Green v City of New York, 184 AD3d at 38). Unlawful discrimination must play "no role" in an employment decision (Ellison v Chartis Claims, Inc., 178 AD3d 665, 668 [internal quotation marks omitted]; see Singh v Covenant Aviation Sec., LLC, 131 AD3d 1158, 1161). A defendant moving for summary judgment must make a prima facie showing "that there is no evidentiary route that could allow a jury to believe that discrimination played a role in [the] challenged actions" (Ellison v Chartis Claims, Inc., 178 AD3d at 668 [internal quotation marks omitted]; see Moise v Uptown Communications & Elec., Inc., 134 AD3d 782, 783; Cenzon-Decarlo v Mount Sinai Hosp., 101 AD3d 924, 927). "A plaintiff may defeat summary judgment by coming forward either with evidence that the defendant's stated reasons were a pretext for discrimination or with evidence that discrimination was one of the motivating factors for the defendant's conduct" (Ellison v Chartis Claims, Inc., 178 AD3d at 668).
Here, the Supreme Court properly determined that Gregorian set forth a prima facie case of age discrimination (see Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO, 6 NY3d 265, 271; Grella v St. Francis Hosp., 149 AD3d 1046, 1048). The defendant proffered a legitimate, nondiscriminatory reason for the termination of Gregorian's employment, namely, that Gregorian failed to meet performance expectations related to leadership and growth of the Brooklyn office. The defendant demonstrated a progression of performance warnings wherein Gregorian was placed on, and kept on, final notice and given requirements to meet to avoid termination of his employment. The defendant also submitted evidence that Gregorian's position was offered to older employees, who declined, prior to being offered to the younger replacement. The defendant's submissions demonstrated, prima facie, the absence of triable issues of fact as to whether the stated reason for the termination of Gregorian's employment was a pretext for age discrimination and whether discrimination was one of the motivating factors for the decision (see Hudson v Merrill Lynch & Co., Inc., 138 AD3d 511, 515-516; Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 46).
However, in opposition, Gregorian raised triable issues of fact sufficient to defeat summary judgment under both the NYSHRL and the NYCHRL (see Lefort v Kingsbrook Jewish Med. Ctr., 203AD3d 708). Gregorian submitted evidence that he met all of the requirements in his final warning letter, except a 2.5 "GPA" score, but was purportedly terminated for reasons unrelated to that unmet requirement. Further, contrary to the defendant's contention, the testimony and evidence introduced in a similar federal action (hereinafter the Morgan action), involving a claim of age discrimination in the discharge of a managing partner in the South Central Zone, is relevant and admissible in this action (see Morgan v New York Life Ins. Co., 507 F Supp 2d 808 [ND Ohio], affd in relevant part 559 F3d 425 [6th Cir]).
Contrary to the appellant's contention, in the Morgan action, the discussion by the United States District Court for the Northern District of Ohio of the evidence introduced before the [*2]jury, in denying the defendant's motions for judgment as a matter of law and for a new trial, is not entitled to collateral estoppel effect, as Gregorian failed to establish that the District Court decided issues identical to those raised by the causes of action under review (see BT Holdings, LLC v Village of Chester, 189 AD3d 754, 759; M. Kaminsky & M. Friedberger v Wilson, 150 AD3d 1094, 1096). However, the deposition and trial testimony given by the defendant's employees in the Morgan action may be used as evidence against the defendant in this action, both for impeachment purposes and as direct evidence (see CPLR 3117[a][1], [2]; 4517[a][2]; Feldsberg v Nitschke, 49 NY2d 636, 642; Sherwood v Otto Jazz, Inc., 142 AD3d 1160, 1161). That testimony raised a triable issue of fact as to the involvement of the Agency Department in the decision to terminate Gregorian's employment and that of other managing partners in the general offices. As a result, the allegedly ageist comments of Agency Department executives, and the evidence produced in the Morgan action of disparate treatment of younger and older managing partners in the South Central Zone, are relevant to Gregorian's allegations. Contrary to the defendant's contention, the allegedly ageist comments were not stray comments or too remote in time from the termination of Gregorian's employment to have probative value (cf. Grella v St. Francis Hosp., 149 AD3d at 1049; Godbolt v Verizon N.Y. Inc., 115 AD3d 493, 494). Rather, they were made by executives in numerous performance evaluations and memoranda close in time to the period when Gregorian was on final notice and thereafter discharged (see Ercegovich v Goodyear Tire & Rubber Co., 154 F3d 344, 356 [6th Cir]).
This evidence, viewed in the light most favorable to Gregorian (see Crosbie v KBC Food Corp., 190 AD3d 684, 685), together with an adverse inference related to unproduced performance evaluations from the Northeastern Zone and other spoliated documents (see Gregorian v New York Life Ins. Co., ___ AD3d ___ [Appellate Division Docket No. 2018-01374; decided herewith]), raised triable issues of fact as to whether the defendant's stated reason for the termination of Gregorian's employment was a pretext for age discrimination and whether age discrimination was one of the motivating factors for the decision to terminate his employment (see Macchio v Michaels Elec. Supply Corp., 149 AD3d 716, 720).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the third and fourth causes of action.
The appellant's remaining contention need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court