## Khan v Arena Serv. Co., LLC

2024 NY Slip Op 32037(U)

June 18, 2024

Supreme Court, New York County

Docket Number: Index No. 150388/2023

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. MARY V. ROSADO

*Justice*

-----------------------------------------------------------------X

ASIF KHAN,

Plaintiff,

- v -

ARENA SERVICE CO., LLC, and QUAESTOR
ADVISORS, LLC,

Defendants.

-----------------------------------------------------------------X

| | |
|---|---|
| PART | 33M |
| INDEX NO. | 150388/2023 |
| MOTION DATE | 02/02/2023 |
| MOTION SEQ. NO. | 001 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18

were read on this motion to/for                                    DISMISS                                    .

Upon the foregoing documents, and after oral argument which took place on November 21, 2023 with Corey Stark, Esq. appearing for Plaintiff Asif Khan ("Plaintiff") and Patrick Lamparello, Esq. appearing for Defendants Arena Service Co., LLC ("ASC") and Quaestor Advisors, LLC ("Quaestor") (together "Defendants")[1], Defendants motion for an Order dismissing Plaintiff's Complaint is granted in part and denied in part.

## I.    Background

Defendants are asset managers who provide financial services to clients (NYSCEF Doc. 5 at 7). Plaintiff was hired by Defendants to provide consultant services in May 2021, and was subsequently hired full time by Quaestor as Senior Vice President, of Hybrid Investments, with the Asset Management Team in September 2021 (NYSCEF Doc. 5 at 7).

---

[1] Defendants Arena and Quaestor are both wholly-owned subsidiaries of Arena Management Company LLC (NYSCEF Doc. 5 at n.2).

**150388/2023   KHAN, ASIF vs. ARENA SERVICE CO., LLC ET AL**
**Motion No.  001**

**Page 1 of 10**

[* 1]

On January 13, 2023 Plaintiff commenced the underlying action by filing a Summons (NYSCEF Doc. 1) and Verified Complaint (NYSCEF Doc. 7) against Defendants alleging causes of action for (1) breach of contract, and (2) violation of the New York State Whistleblower Protection Law Section 740 of the New York Labor Law (NYSCEF Doc. 7). Specifically, Plaintiff alleges that in March 2022 he was terminated by Defendants for complaining about Defendants' fraudulent conduct, in violation of Defendants' whistleblower policy (the "Whistleblower Policy") (NYSCEF Doc. 17) and Labor Law § 740.

On February 2, 2023 Defendants brought the instant motion pursuant to CPLR 3211(a)(1) and CPLR 3211(a)(7) seeking (1) dismissal of Plaintiff's breach of contract claim on the ground that no contract between Plaintiff and Defendants exists, and (2) dismissal of Plaintiff's Labor Law §740 claim on the ground that Plaintiff failed to adequately plead a reasonable belief that Defendants were engageg in illegal conduct (NYSCEF Doc. 5 at 6).

## II.    Discussion

Preliminarily, while Defendants' Notice of Motion only references dismissal sought pursuant to CPLR 3211(a)(7), as the Notice of Motion contains a general prayer for relief and both the moving and opposition papers proffer arguments with respect to documentary evidence, the Court, in its discretion, elects to also consider relief pursuant to CPLR 3211(a)(1) (see *Nehmadi v Davis*, 95 AD3d 1181, 1184 [2d Dept 2012] quoting Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:5 at 84, holding that "[t]he Court may grant relief, pursuant to a general prayer contained in the notice of motion...other than that specifically asked for, to such an extent as is warranted by the facts plainly appearing [in] the papers on both sides. It may do so if the relief granted is not too dramatically unlike the relief sought, and if the proof

150388/2023   KHAN, ASIF vs. ARENA SERVICE CO., LLC ET AL
Motion No.  001

Page 2 of 10

2 of 10

[* 2]

offered supports it and the court is satisfied that no one has been prejudiced by the formal omission to demand it specifically").

Under CPLR 3211(a)(7), "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that …the pleading fails to state a cause of action…." In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, "the court must give the pleading a liberal construction, accept the facts alleged in the complaint to be true and afford the plaintiff the benefit of every possible favorable inference" (*J.P. Morgan Sec. Inc. v Vigilant Ins. Co.* 21 NY3d 324, 334 [2013]). "[T]he sole criterion is whether the pleading states a cause of action, and therefore if from its four corners factual allegations are discerned which if taken together can manifest any cause of action, a motion for dismissal must fail" (*Kusher v King* 126 AD2d 446, 467 [1st Dept 1987]).

Dismissal of a claim pursuant to CPLR 3211(a)(1) "is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]). The First Department has held that "if the defendant's evidence establishes that the plaintiff has no cause of action (i.e., that a well-pleaded cognizable claim is flatly rejected by the documentary evidence), dismissal would be appropriate" (*Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc.*, 115 AD3d 128, 135 [1st Dept 2014]).

Further, while an attorney affirmation is of no probative value, it is well established that "an affidavit from an individual, even if the person has no personal knowledge of the facts, may properly serve as the vehicle for the submission of acceptable attachments which provide evidentiary proof in admissible form, like documentary evidence. In such situations, the affidavit itself is not considered evidence; it merely serves as a vehicle to introduce documentary evidence to the court" (*Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc.*, 115 AD2d 128, n 4

**150388/2023   KHAN, ASIF vs. ARENA SERVICE CO., LLC ET AL**
**Motion No.  001**

**Page 3 of 10**

[1st Dept 2014]). However, the First Department has held that a paper will qualify as documentary evidence only if it satisfies the following: "(1) it is 'unambiguous'; (2) it is of 'undisputed authenticity'; and (3) its contents are 'essentially undeniable'" (*VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019] citing (*Fontanetta v John Doe 1*, 73 AD3d 78, 86, 87 [2d Dept 2010]).

    i.    <u>Defendants Motion to Dismiss Plaintiff's Breach of Contract Claim is Granted</u>

Here, Plaintiff alleges that by terminating Plaintiff's employment in retaliation for his complaints about Defendants' illegal conduct, Defendants breached an implied contract created by the Whistleblower Policy (NYSCEF Doc. 7 at ¶¶ 47-58).

Preliminarily, "absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" (*Sabetay v Sterline* Drug, 69 NY2d 329, 333 [1987]). While New York Courts "recognize an action for breach of contract when plaintiff can show that the employer made its employee aware of an express written policy limiting the right of discharge and the employee detrimentally relied on that policy...," the Court of Appeals has held that "[r]outinely issued employee manuals, handbooks and policy statements should not lightly be converted into binding employment agreements...[which] would subject employers who have developed written policies to liability for breach of employment contracts upon the mere allegation of reliance on a particular provision" *Lobosco v N.Y. Tel. Company/NYNEX*, 96 NY2d 312, 316-317 [2001]).

Further, in *Matter of Thomas v MasterCard Advisors, LLC*, the First Department held that a plaintiff does not have a viable claim for wrongful termination in violation of an employee handbook where a disclaimer included in the plaintiff's Code of Conduct establishes that "the Code of Conduct [and] Employee Handbook...are not contracts of employment and are not intended to

**150388/2023   KHAN, ASIF vs. ARENA SERVICE CO., LLC ET AL**
**Motion No. 001**

**Page 4 of 10**

4 of 10

[* 4]

create any implied promises or guarantees of fixed terms of employment" (*Matter of Thomas v MasterCard Advisors, LLC*, 74 AD3d 464, 465 [1st Dept 2010]).

Here, Plaintiff alleges that he was made aware of and relied on the Whistleblower Policy (NYSCEF Doc. 7 at ¶¶30-31). Further, the "Non-Retaliation" provision of the Whistleblower Policy explicitly limits Defendants' right of discharge (NYSCEF Doc. 17 at 4). However, in support of their motion to dismiss, Defendants attach, as documentary evidence, an offer letter sent by Quaestor to Plaintiff and signed by Plaintiff on August 10, 2021 (the "Offer Letter") which states, *inter alia*:

> [w]hile this letter agreement is intended to summarize our offer, it shall not be used to interpret or in any way govern the terms of your employment relationship with Arena except to exclude terms inconsistent with it. You understand that you will be an at-will employee and that either you or Arena may terminate the relationship at will, with or without cause, at any time (NYSCEF Doc. 8 at 2).

Defendants also attach Defendants' Employee Handbook dated January 2020, which states:

> [n]either this handbook nor any other verbal or written communication by a management representative is, nor should it be considered to be, an agreement, contract of employment, express or implied, or a promise of treatment in any particular manner in any given situation, nor does it confer any contractual rights whatsoever. Arena Management Company, LLC adheres to the policy of employment at will, which permits the Company or the employee to end the employment relationship at any time, for any reason, with or without cause or notice (NYSCEF Doc. 9 at 2).

Together, the 2020 Employee Handbook and Plaintiff's August 2021 Offer Letter explicitly state that Plaintiff is an employee at will who may be terminated at any time, with or without cause, and that no written or verbal communications shall be considered either express or

150388/2023   KHAN, ASIF vs. ARENA SERVICE CO., LLC ET AL
Motion No. 001

Page 5 of 10

5 of 10

implied contracts of employment (NYSCEF Docs. 8-9).[2] These disclaimers prevent the creation of a contractual relationship and negate any protection from termination that Plaintiff may have inferred from the Whistleblower Policy.

In light of the foregoing, the Court finds that Defendants have proffered sufficient documentary evidence to establish that there was no employment agreement between Plaintiff and Defendants. Accordingly, Defendants' motion to dismiss Plaintiff breach of contract claim is granted.

    ii.    Defendants' Motion to Dismiss Plaintiff's Claim for Violation of Labor Law §740 is Denied

Here, Defendants argue that Plaintiff's claim for violation of Labor Law §740 must be dismissed because Plaintiff failed to allege that he disclosed a policy, activity or practice of Defendants that Plaintiff reasonable believed to be in violation of law, rule or regulation, and because Plaintiff failed to specify any factual basis for his belief that a law, rule or regulation was violated (NYSCEF Doc. 5 at 15).

*[The remainder of this page is intentionally left blank]*

---

[2] As the accuracy of Defendants' documentary evidence is attested to in the affirmation of Defendants' counsel and there is no opposition or dispute in the record regarding the authenticity of these documents, the Court finds that a proper foundation has been laid for admission of these documents as evidence.

**150388/2023   KHAN, ASIF vs. ARENA SERVICE CO., LLC ET AL**
**Motion No.  001**

**Page 6 of 10**

6 of 10

[* 6]

Labor Law § 740 "prohibits 'retaliatory personnel action' against an employee who undertakes to disclose conduct in violation of any law or regulation, who furnishes information to an investigatory body in regard to such activity or who refuses to participate in such activity" (*Seung Won lee v Woori Bank, N.Y. Agency*, 131 AD3d 273, 277 [1st Dept 2015]). Specifically, Labor Law § 740(2)(a) states that:

> [a]n employer shall not take any retaliatory action against an employee, whether or not within the scope of the employee's job duties, because such employee does any of the following: (a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, rule or regulation or that the employee reasonably believes poses a substantial and specific danger to the public health or safety.

Further, the First Department has held that "[t]h provisions of Labor Law § 740 regarding retaliatory discharge are to be strictly construed" (*Cotrone v Consolidate Edison Co. of N.Y., Inc.*, 50 AD3d 354 [1st Dept 2008]).

Effective January 26, 2022 "Labor Law § 740 was amended to, among other things, protect employees who disclose or threaten to disclose a practice than an employee 'reasonably believes is in violation of law, rule or regulation or that the employee reasonably believes poses a substantial and specific danger to the public health or safety" (*Clendenin v VOA of AM. – Greater N.Y. Inc.*, 214 AD3d 496, 497 [1st Dept 2023]). However, as Plaintiff's alleged whistleblowing disclosures were made in 2021, prior to the enactment of the 2022 amendment, the pre-amendment standard applies (*Id.*).

Prior to the 2022 amendment, to succeed on a cause of action for violation of Labor Law § 740 the "plaintiff has the burden of proving that an actual violation occurred, as opposed to merely establishing that the plaintiff possessed a reasonable belief that a violation occurred. And, the violation must be of the kind that creates a substantial and specific danger to the public health

**150388/2023  KHAN, ASIF vs. ARENA SERVICE CO., LLC ET AL**
**Motion No. 001**

**Page 7 of 10**

or safety" (*Webb-Weber v Community Action for Human Servs., Inc.*, 23 NY3d 448, 452-453 [2014]). For pleading purposes, the Court of Appeals has held that "the complaint need not specify the actual law, rule or regulation violated, although it must identify the particular activities, policies or practices in which the employer allegedly engaged, so that the complaint provided the employer with notice of the alleged complained-of-conduct" (*Id.* at 453).

Plaintiff alleges in his Complaint that "Defendants were engaging in illegal and fraudulent conduct through a pump-and-dump scheme concerning two shell companies... in which Defendants were heavily invested" (NYSCEF Doc. 7 at ¶ 36). Plaintiff Complaint goes on to define a "pump-and-dump scheme" as an instance "when a fraudster deliberately buys shares of a very low-priced, thinly traded stock, then spreads false or misleading information to pump up the stock's price, then dumps its shares, causing the price to fall, leaving other investors with worthless or nearly worthless shares of stock" (*Id.*). Further, Plaintiff alleges that Defendants engaged in a "scheme of misrepresenting unrealized gains for shares that were very illiquid and not marketable to investors in order to inflate artificially and fraudulently Defendants' performance record" (NYSCEF Doc. 7 at ¶ 40). Moreover, Plaintiff alleges that in October and November of 2021 he disclosed Defendants' illegal acts to Arena's Executive Director Daniel Zwirn; Managing Director and President of Quaestor John Felleter and his temporary supervisor, Vincent DeVito (NYSCEF Doc. 7 at ¶ 34-41).

The facts at bar are similar to those in *Demir v Sandoz Inc.*, 155 AD3d 464 [2017] where the Court held that "plaintiff adequately pleaded a Labor Law § 740 violation against defendants in alleging that its manufacturer and procurement of chemical ingredients for defendants' highest grossing product was not compliant with FDA regulatory requirements governing the drug's safety

**150388/2023  KHAN, ASIF vs. ARENA SERVICE CO., LLC ET AL**
**Motion No. 001**

**Page 8 of 10**

[* 8]

8 of 10

and efficacy, and she need not plead an actual violation of laws or regulations" (*Demir v Sandoz Inc.*, 155 AD3d 464 [2017]).

In light of the foregoing, according Plaintiff the benefit of every possible favorable inference, the Court finds that Plaintiff's pleading sufficiently identifies the specific activities, policies or practices Defendant engaged in which constitute violations, and sufficiently alleges that Plaintiff disclosed these violations to Defendants. As such, Defendants' motion to dismiss Plaintiff's cause of action for violation of Labor Law § 740 is denied.

Accordingly, it is hereby,

ORDERED that Defendants Arena Service Co., LLC and Quaestor Advisors, LLC's motion to dismiss Plaintiff Asif Khan's Labor Law § 740 claim is denied; and it is further

ORDERED that Defendants Arena Service Co., LLC and Quaestor Advisors, LLC's motion to dismiss Plaintiff Asif Khan's breach of contract claim is granted; and it is further

ORDERED that on or before July 23, 2024, the parties are directed to submit a proposed Preliminary Conference Order to the Court via e-mail to SFC-Part33-Clerk@nycourts.gov. If the parties are unable to agree to a proposed Preliminary Conference Order, the parties are directed to appear for an in-person preliminary conference with the Court in Room 442, 60 Centre Street, on July 24, 2024 at 9:30 a.m.; and it is further

*[The remainder of this page is intentionally left blank]*

**150388/2023   KHAN, ASIF vs. ARENA SERVICE CO., LLC ET AL**
**Motion No.  001**

**Page 9 of 10**

9 of 10

ORDERED that within 10 days of entry, counsel for Plaintiff Asif Khan shall serve a copy of this Decision and Order, with notice of entry, on all parties to this case; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| __6/18/2024__ | | | | | _Mary V Rosado JSC_ | |
| DATE | | | | | HON. MARY V. ROSADO, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**150388/2023   KHAN, ASIF vs. ARENA SERVICE CO., LLC ET AL**
**Motion No. 001**

Page 10 of 10

10 of 10

[* 10]